[No. B085357. Second Dist., Div. Five. Jan. 12, 1995.]

UNION BANK, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
CHARLOTTE DEMETRY et al., Real Parties in Interest.

574

COUNSEL

Fulbright & Jaworski, Robert M. Dawson, Calvin House and Michael P. McGroarty for Petitioner.

No appearance for Respondent.

William A. Kent for Real Parties in Interest.

OPINION

TURNER, P. J.—

## I. INTRODUCTION

Defendant, Union Bank, seeks a writ of mandate pursuant to Code of Civil Procedure section 437c,[1] subdivision (*l*), compelling the respondent court to enter a summary judgment on the first amended complaint against plaintiffs who are 11 individuals, a trust, and an individual retirement account. We conclude that: defendant could rely on plaintiffs' Judicial Council form interrogatory answers as an evidentiary basis for its separate statement; despite a request for such information, the interrogatory answers contained no evidence to support a theory of liability on defendant's part; the interrogatory responses, when relied upon by defendant in its separate statement of undisputed facts, were sufficient to shift the burden of proof to plaintiffs pursuant to section 437c, subdivision (o)(2) to demonstrate there was a triable issue concerning the correctness of their claims; and plaintiffs failed to present sufficient evidence to create a triable issue of material fact. In reaching this determination, we conclude that, together, the 1992 and 1993 amendments to section 437c have overruled the prior decision of this division in *Barnes* v. *Blue Haven Pools* (1969) 1 Cal.App.3d 123, 126-128 [81 Cal.Rptr. 444] to the limited extent that the opinion bars a defendant from securing a summary judgment premised upon a plaintiff's factually devoid interrogatory answers. Accordingly, because the summary judgment motion should have been granted, we issue our writ of mandate.

## II. SCOPE OF ISSUES RAISED BY THE PLEADINGS

The operative pleading is the 229-page first amended complaint which contains causes of action for: intentional misrepresentation; negligent misrepresentation; fraud based on concealment of facts; fraud premised upon a

---

[1]All future statutory references are to the Code of Civil Procedure.

promise to perform and without the intent to do so; conspiracy to defraud; legal and accounting malpractice; fiduciary duty breach; and for an accounting. There are 40 codefendants. Defendant is named in all of the causes of action except in connection with the legal and accounting malpractice claim. Plaintiffs alleged: plaintiffs were investors and limited partners in NMR Investors Fund I, a limited partnership; on October 15, 1985, defendant lent money to United Medical Leasing Company, Inc., a codefendant; the money was lent in connection with the lease of a medical scanner from United Medical Leasing Company, Inc., to the limited partnership of which, as previously noted, plaintiffs were limited partners; as security for the lease, all of the rights, including the authority to repossess the scanner in the event of a default in rental payments, were assigned to defendant; the limited partnership, NMR Investors Fund I, defaulted in payments to the lessor, United Medical Leasing Company, Inc., which meant defendant could lawfully repossess the scanner; and in June 1991, defendant repossessed the scanner after it was abandoned by the limited partnership. The first amended complaint alleged that plaintiffs, the limited partners, were defrauded by: the general partner, NMR Inc.; the general partner's shareholders; an advertising firm; the partnership's accountants and attorneys; various financial advisers to the partnership; certain medical related entities; the lessor of the scanner, United Medical Leasing Company, Inc.; and defendant, the lender who repossessed the scanner. The first amended complaint alleged that misrepresentations were made in connection with a private placement memorandum which was utilized to solicit plaintiffs as investors. The allegations involving defendant were as follows: "[Defendant], a California financial corporation, doing business in the State of California, located at 225 South Lake Avenue, Pasadena, California 90071 and 445 South Figueroa Street, Los Angeles, California 90071, gave advise [sic] and opinions to [NMR Inc., the general partner and NMR Investors Fund I, the limited partnership]. Based on currently available information, plaintiffs are informed and believe and thereon allege that Union Bank participated in the acts, practices, conspiracy, common course of conduct and transactions hereinafter alleged."

III. SUMMARY JUDGMENT MOTION

Defendant moved for summary judgment. As to the fraud causes of action, the grounds of the motion were that defendant neither made any fraudulent representations nor was it a member of a conspiracy to defraud plaintiffs. In support of its motion, defendant relied on plaintiffs' responses to admissions requests and Judicial Council form interrogatories. (§ 2033.5; see Cal. Judges Benchbook, Civil Proceedings Discovery (1994) § 13.9, p. 187; Civil Discovery Practice in Cal. (Cont.Ed.Bar 1988) Interrogatories, § 8.36, pp. 472-473.) Defendant propounded seven separate requests for admissions.

Defendant proffered two admissions requests which are pertinent to the fraud issues in the present case. In request number 5, defendant requested that plaintiffs admit as follows, "Admit that [defendant] committed no fraud or deceit upon you." In their verified response to admissions request number 5, plaintiffs refused to admit defendant "committed no fraud or deceit . . . ." Further, in request number 6, defendant requested that plaintiffs admit the following: "Admit that [defendant] did not participate in any conspiracy to defraud you." Plaintiffs likewise refused to admit that defendant did not participate in a fraudulent conspiracy.

In connection with the summary judgment motion, defendant also relied on answers to Judicial Council form interrogatory No. 17.1. Concurrently with the service of the admissions requests, defendant served Judicial Council form interrogatory No. 17.1, which states: "Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission: [¶] (a) state the number of the request; [¶] (b) state all facts upon which you base your response; [¶] (c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; [¶] (d) identify all DOCU-MENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCU-MENT or thing." Because plaintiffs refused to unqualifiedly admit defendant neither defrauded them nor participated in a conspiracy to do so, they were required to provide answers to form interrogatory No. 17.1. As to admissions request No. 5 concerning whether defendant had committed fraud upon plaintiffs, they responded pursuant to form interrogatory No. 17.1(b) that all of the facts supporting their denial were as follows: "Plaintiffs believe that Union Bank knowingly and fraudulently took the assignment of all the assets of NMR Investors Fund I to secure the loan it made with United Medical Leasing Company, Inc. [¶] Plaintiffs reserve the right to further respond to this interrogatory." As to admissions request No. 6, which asked whether they unqualifiedly admitted defendant was not a member of a fraudulent conspiracy, plaintiffs gave the following answer to interrogatory No. 17.1(b): "Plaintiffs believe that [defendant] knowingly and fraudulently took the assignment of all the assets of NMR Investors Fund I to secure the loan it made with United Medical Leasing Company, Inc. [¶] Plaintiffs reserve the right to further respond to this interrogatory."

In its separate statement of undisputed facts, defendant cited as evidence plaintiffs' responses to admissions requests Nos. 5 and 6. Defendant likewise relied upon the answers to interrogatory No. 17.1. Also, defendant attached the response to admissions request No. 4 in which plaintiffs admitted defendant "took no inappropriate action in connection with its role in the

transactions . . ." in plaintiffs' investment in NMR Investors Fund I. Defendant further referred to the documents involved in the transactions, which led to the repossession of the scanner when the limited partnership defaulted on the loan.

Plaintiffs' response to the separate statement of undisputed facts relied upon several declarations which attached documents relating to the loan. The declarations contained statements by investors: concerning disappearance of monies; relating to the seriousness of the financial losses incurred by the investors in NMR Investors Fund I; a belief that defendant was responsible for the losses; and that there were unanswered questions concerning where the money invested in the limited partnership had gone.

The respondent court denied the summary judgment motion.[2] Defendant filed a petition for writ of mandate as permitted by section 437c, subdivision (*l*). We issued an alternative writ of mandate and the cause was orally argued. (*Alexander* v. *Superior Court* (1993) 5 Cal.4th 1218, 1222-1223 [23 Cal.Rptr.2d 397, 859 P.2d 96]; *Ng* v. *Superior Court* (1992) 4 Cal.4th 29, 35 [13 Cal.Rptr.2d 856, 840 P.2d 961]; *Kowis* v. *Howard* (1992) 3 Cal.4th 888, 893 [12 Cal.Rptr.2d 728, 838 P.2d 250].)

## IV. DISCUSSION

Summary judgment is granted when a moving party establishes the right to the entry of judgment as a matter of law. (§ 437c, subd. (c).) We review the trial judge's decision not to grant the summary judgment motion de novo. (*Jambazian* v. *Borden* (1994) 25 Cal.App.4th 836, 844 [30 Cal.Rptr.2d 768]; *Daniels* v. *DeSimone* (1993) 13 Cal.App.4th 600, 607 [16 Cal.Rptr.2d 615]; *Wilson* v. *Blue Cross of So. California* (1990) 222 Cal.App.3d 660, 670 [271 Cal.Rptr. 876].)

Defendant's summary judgment motion was premised on the contention that defendant never made any fraudulent representations to any plaintiff nor

---

[2]The respondent court granted the summary issue adjudication motion as to the cause of action for breach of fiduciary duty. The court determined that no fiduciary relationship existed between defendant, a lender exercising its rights to foreclose on a medical scanner, and the limited partners of a partnership defaulting on the payment of rent. There is no issue concerning the correctness of the respondent court's order granting summary issue adjudication because no mandate petition has been filed by plaintiffs to set it aside. In any event, the respondent court was correct. No fiduciary relationship existed. (*Kim* v. *Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979 [21 Cal.Rptr.2d 834]; *Peterson Development Co.* v. *Torrey Pines Bank* (1991) 233 Cal.App.3d 103, 119 [284 Cal.Rptr. 367]; *Nymark* v. *Heart Fed. Savings & Loan Assn.* (1991) 231 Cal.App.3d 1089, 1093, fn. 1 [283 Cal.Rptr. 53]; *Copesky* v. *Superior Court* (1991) 229 Cal.App.3d 678, 690 [280 Cal.Rptr. 338]; *Price* v. *Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 477 [261 Cal.Rptr. 735]; *Mitsui Manufacturers Bank* v. *Superior Court* (1989) 212 Cal.App.3d 726, 732-733 [260 Cal.Rptr. 793]; *Lawrence* v. *Bank of America* (1985) 163 Cal.App.3d 431, 437 [209 Cal.Rptr. 541].)

was it a member of a conspiracy where such occurred. In support of these contentions, defendant filed a separate statement of undisputed facts which cited the evidence which it contended proved that it was entitled to judgment as a matter of law. (§ 437c, subd. (b); see *United Community Church* v. *Garcin* (1991) 231 Cal.App.3d 327, 335-338 [282 Cal.Rptr. 368]; *Wilson* v. *Blue Cross of So. California, supra,* 222 Cal.App.3d at p. 671; *Blackman* v. *Burrows* (1987) 193 Cal.App.3d 889, 894-895 [238 Cal.Rptr. 642].) As noted previously, defendant's separate statement referred to plaintiffs' admissions responses and form interrogatory answers. Such matters may be relied upon as evidence under the express terms of the summary judgment law which provides, "The motion shall be supported by . . . admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken." (§ 437c, subd. (b); *Craig Corp.* v. *County of Los Angeles* (1975) 51 Cal.App.3d 909, 914 [124 Cal.Rptr. 621]; see 2 Civil Procedure Before Trial (Cont.Ed.Bar. 1994) § 44.15, p. 44-11; Weil & Brown, Civil Procedure Before Trial (The Rutter Group 1994) § 10:155, p. 10-42; 6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial § 292, p. 590; 5 Cal. Practice (1978) Summary Judgment, § 35:6, p. 468.) Those admissions requests and Judicial Council form interrogatory No. 17.1 required plaintiffs to state all of the facts which supported the contention that defendant either made a misrepresentation or was a member of a conspiracy where a coconspirator did so.[3] The only response made by plaintiffs was that they believed defendant took the assignment of assets fraudulently and they reserved the right to further respond to the Judicial Council form interrogatories. Plaintiffs failed to file amended interrogatory answers as permitted by section 2030, subdivision (m).[4]

■ Defendant contends that the factually devoid answers to the Judicial Council form interrogatories were sufficient to require plaintiffs to prove their case concerning the alleged misrepresentations and fraudulent conspiracy. Defendant further argues that plaintiffs failed to provide substantial

---

[3]Plaintiffs had a duty to answer the form interrogatories as completely and straightforwardly as possible given the information available to them. Section 2030, subdivision (f)(1) requires interrogatory answers to meet the following standard of responsiveness: "Each answer in the response shall be as complete and straightforward as the information reasonably available to the responding party permits. If an interrogatory cannot be answered completely, it shall be answered to the extent possible." The duty to truthfully and fully respond has been described as follows, "Parties must 'state the truth, the whole truth, and nothing but the truth in answering written interrogatories' [citation] . . . ." (*Guzman* v. *General Motors Corp.* (1984) 154 Cal.App.3d 438, 442 [201 Cal.Rptr. 246]; *Deyo* v. *Kilbourne* (1978) 84 Cal.App.3d 771, 783 [149 Cal.Rptr. 499].)

[4]Section 2030, subdivision (m) states, "Without leave of court, a party may serve an amended answer to any interrogatory that contains information subsequently discovered, inadvertently omitted, or mistakenly stated in the initial interrogatory." (See Civil Discovery Practice in Cal., *supra,* Interrogatories, § 8.82, p. 507.)

evidence of misrepresentations or a conspiracy in the declarations and documents cited in their opposition separate statement. We agree. Plaintiffs' Judicial Council form interrogatory answers, which contained no facts supporting the existence of misrepresentations or a fraudulent conspiracy, shifted the burden of proof in connection with the summary judgment. Further, plaintiffs failed to provide substantial evidence of deceit on defendant's part or its participation in a fraudulent conspiracy.

In reaching this conclusion, it is necessary we consider the effect of the 1992 and 1993 amendments to section 437c (Stats. 1992, ch. 1348; Stats. 1993, ch. 276) on our prior decision in *Barnes* v. *Blue Haven Pools, supra,* 1 Cal.App.3d 123, 126-128, and its Court of Appeal progeny, an issue raised before the respondent court by defendant. In *Barnes,* this court articulated the rule that has been universally accepted by the Courts of Appeal of this state that a moving defendant cannot secure summary judgment merely by relying on a plaintiff's discovery responses which reveal an absence of evidence of liability or damage. The *Barnes* decision involved a personal injury action where the complaint contained two causes of action: the first for negligence, and the second for breach of express and implied warranties within the holding of *Greenman* v. *Yuba Power Products, Inc.* (1963) 59 Cal.2d 57, 60-64 [27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049]. In *Barnes,* the defendant cited the plaintiff's interrogatory answers, various deposition transcripts, and several declarations of persons who were present when the accident occurred. Part of the evidence relied upon by the defendant in moving for summary judgment was an interrogatory answer which indicated the plaintiff had no witness to prove there was negligence " 'at this time.' " (*Barnes* v. *Blue Haven Pools, supra,* 1 Cal.App.3d at p. 126, fn. 1.) Also, the defendant relied upon the deposition of an "expert" who had been retained by plaintiff to inspect the pool. The "expert" had not reached any conclusions " 'in regard to any safety factors.' " (*Id.* at p. 125.) None of the cited evidence proved the allegedly defectively designed pool was safely designed and constructed; rather, the defendant relied on the absence of any evidence in possession of the plaintiff that the pool was negligently designed or constructed. (*Id.* at pp. 125-127.) Confronted with this summary judgment factual scenario, this court, given the language of the then existing summary judgment statute,[5] held: "At a trial of this case plaintiff would have the burden of proving defendant's negligence on the first cause of action and the

---

[5] In 1969, at the time *Barnes* decision was filed, section 437c provided: "In superior courts and municipal courts if it is claimed the action has no merit, or that there is no defense to the action, on motion of either party, after notice of the time and place thereof in writing served on the other party at least 10 days before such motion, supported by affidavit of any person or persons having knowledge of the facts, the answer may be stricken out or the complaint may be dismissed and judgment may be entered, in the discretion of the court unless the other party, by affidavit or affidavits shall show such facts as may be deemed by the judge hearing

existence of a defect within the meaning of the *Greenman* doctrine on the second. We also assume for the sake of this opinion that plaintiff would be unable to survive a motion for a nonsuit without presenting expert testimony on these issues. That being so, plaintiff would not be entitled to go to the jury, if at the time of trial he comes up with nothing better than was before the court in connection with the defendant's motion for summary judgment. [¶] On the other hand the facts presented by the defendant's papers do not negative negligence. A summary judgment in favor of a defendant is proper 'if it is claimed the action has no merit' [citation] and such claim is proved to be correct. There is nothing in the statute which lessens the burden of the moving party simply because at the trial the resisting party would have the burden of proof on the issue on which the summary judgment is sought to be predicated. In such a case, on the motion for summary judgment, the moving party must generally negative the matters which the resisting party would have to prove at the trial. [Citations.]" (*Id.* at p.127.)

Our analysis in *Barnes* was widely accepted by the Courts of Appeal as a correct statement of the moving defendant's burden of proof at the summary

---

the motion sufficient to present a triable issue of fact. A judgment so entered is an appealable judgment as in other cases. The word 'action' as used in this section shall be construed to include all types of proceedings. The word 'answer' as used in this section shall be construed to include counterclaim and cross-complaint. The filing of a motion under this section shall not extend the time within which a party must otherwise file an answer, demurrer or motion to strike. [¶] The affidavit or affidavits in support of the motion must contain facts sufficient to entitle plaintiff or defendant to a judgment in the action, and the facts stated therein shall be within the personal knowledge of the affiant, and shall be set forth with particularity, and each affidavit shall show affirmatively that affiant, if sworn as a witness, can testify competently thereto. [¶] The affidavit or affidavits in opposition to said motion shall be made by the plaintiff or defendant, or by any other person having knowledge of the facts, and together shall set forth facts showing that the party has a good and substantial defense to the plaintiff's action (or to a portion thereof) or that a good cause of action exists upon the merits. The facts stated in each affidavit shall be within the personal knowledge of the affiant, shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto. When the party resisting the motion appears in a representative capacity, such as a trustee, guardian, executor, administrator, or receiver, then the affidavit in opposition by such representative may be made upon his information and belief. [¶] If it appear that such defense applies only to a part of the plaintiff's claim, or that a good cause of action does not exist as to a part of the plaintiff's claim, or that any part of a claim is admitted or any part of a defense is conceded, the court shall, by order, so declare, and the claim or defense shall be deemed established as to so much thereof as is by such order declared and the cause of action may be severed accordingly, and the action may proceed as to the issues remaining between the parties. No judgment shall be entered prior to the termination of such action but the judgment in such action shall, in addition to any matters determined in such action, award judgment as established by the proceedings herein provided for. A judgment entered under this section is an appealable judgment as in other cases." (Stats. 1965, ch. 1877, § 1, pp. 4330-4331.)

judgment stage of litigation.[6] For example, in *Do It Urself Moving & Storage, Inc.* v. *Brown, Leifer, Slatkin & Berns* (1992) 7 Cal.App.4th 27, 38 [9 Cal.Rptr.2d 396], the Court of Appeal cited *Barnes* as authority and concluded: "[T]he '[d]efendant's burden is to disprove the complaint. It is not enough to simply show that the plaintiff has admitted having "no witnesses" or "no evidence" to back up certain claims (and therefore would be nonsuited if the case went to trial).'" (Accord, *Hulett* v. *Farmers Ins. Exchange* (1992) 10 Cal.App.4th 1051, 1057 [12 Cal.Rptr.2d 902]; *Chevron U.S.A., Inc.* v. *Superior Court* (1992) 4 Cal.App.4th 544, 553 [5 Cal.Rptr.2d 674]; *Kerr* v. *Rose* (1990) 216 Cal.App.3d 1551, 1561 [265 Cal.Rptr. 597]; *Pena* v. *W. H. Douthitt Steel & Supply Co.* (1986) 179 Cal.App.3d 924, 928-930 [225 Cal.Rptr. 76].) All of these cases were applying the summary judgment law as it was in effect prior to the 1992 and 1993 amendments to section 437c.

However, the 1992 and 1993 amendments to section 437c have legislatively overruled the prior decision of this court in *Barnes*. Former section 437c, subdivision (n)(2), enacted in 1992 and effective January 1, 1993, added for the first time to the summary judgment law the following statement of a moving defendant's burden of proof which stated in pertinent part: "A defendant . . . has met his or her burden of showing that a cause of action has no merit if that party has shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established . . . . Once the defendant . . . has met that burden, the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to that cause of action." (Stats. 1992, ch. 1348.) In 1993, section 437c was once again amended and the relevant language in subdivision (n)(2) was moved to subdivision (o)(2), where it presently states in its entirety: "A defendant or cross-defendant has met his or her burden of showing that a cause of action has no merit if that party has shown that one or more elements of the cause of action, even if not separately pleaded, cannot be established, or that there is a complete defense to that cause of action. Once the defendant or cross-defendant has met that burden, the burden shifts to the plaintiff or cross-complainant to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto. The plaintiff or cross-complainant may not rely upon the mere allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action or a defense thereto." (Stats.

---

[6]The California Supreme Court never adopted the *Barnes* analysis that when a moving defendant relies on a plaintiff's discovery responses to demonstrate there is no evidence an essential allegation in the complaint is provable, summary judgment may not be entered. We have been unable to find any case where the Supreme Court considered this precise issue.

1993, ch. 276.) Other than moving the language concerning shifting the burden of proof from section 437c, subdivision (n)(2) to subdivision (o)(2), the 1993 legislation added the following relevant language which is at issue in this appeal: "The plaintiff . . . may not rely upon the mere allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action . . . ."

The language in the present section 437c, subdivision (o)(2), providing for shifting the burden of proof if "one or more elements of the cause of action, even if not separately pleaded, cannot be established . . .", did not appear in the pre-January 1, 1993, summary judgment law. This language was first inserted in the summary judgment law in the 1992 amendment to former section 437c, subdivision (n)(2). (Stats. 1992, ch. 1348.) In applying section 437c, subdivision (o)(2), we are required to carry out the Legislature's intent. (*Freedom Newspapers, Inc.* v. *Orange County Employees Retirement System* (1993) 6 Cal.4th 821, 826 [25 Cal.Rptr.2d 148, 863 P.2d 218]; *Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934].) We look first to the language selected by the Legislature and only review legislative history materials when there is ambiguity in the statute. (*Legislature* v. *Eu* (1991) 54 Cal.3d 492, 504 [286 Cal.Rptr. 283, 816 P.2d 1309]; *Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) Because there is some ambiguity as to the effect of the language, "one or more elements of the cause of action . . . cannot be established . . ." (*ibid.*) in the 1992 amendment, which was later reenacted as section 437c, subdivision (o)(2), resort to contemporaneous legislative history materials such as committee reports is appropriate.

The 1992 amendment was introduced on February 11, 1992, as Assembly Bill No. 2616. When originally introduced on February 11, 1992, Assembly Bill No. 2616 did not contain the language in subdivision (n)(2) which in 1993 was moved to subdivision (o)(2). (Assem. Bill No. 2616 (1991-1992 Reg. Sess.) Feb. 11, 1992.) When Assembly Bill No. 2616 first passed the Assembly, the language which later would appear in former section 437c, subdivision (n)(2) was not present at that time. (Assem. Bill No. 2616 (1991-1992 Reg. Sess.) as amended May 13, 1992.) The language in former section 437c, subdivision (n)(2) was first proposed on June 1, 1992, while Assembly Bill No. 2616 was still pending in the Senate Committee on Judiciary. ((Assem. Bill No. 2616 (1991-1992 Reg. Sess.) as amended June 1, 1992.) The first committee report to discuss the language at issue was prepared for an August 18, 1992, hearing before the Senate Committee on Judiciary. The report stated: "The most significant of the proposed changes is set forth in the new subdivision (n) to CCP Section 437c. The provision

would establish the burden of proof for a plaintiff and a defendant in a summary judgment motion. It would provide that a plaintiff has met his burden of showing there is no defense to a cause of action if that party has proved each element of the cause of action entitling the party to judgment on the cause of action. Once the plaintiff has met that burden, the burden shifts to the defendant to show that a triable issue of one or more material facts exists in that cause of action. [¶] A similar rule is proposed for defendants. A defendant would be deemed to have met his burden of showing that a cause of action has no merit if the party shows that one or more elements of the cause of action cannot be established, or that there is a complete defense to that cause of action. Once the defendant meets that burden, the burden shifts to the plaintiff to show that a triable issue of fact remains in the cause of action." (See Sen. Com. on Jud. Com. Rep. on Assem. Bill No. 2616 (1991-1992 Reg. Sess.) p. 8.) After discussing the plaintiff's burden under the proposed amendment, the report concluded its discussion of the summary judgment law as follows: "The sponsor points to the federal rules as providing a more equitable standard. Under Federal Rule 56, a party moving for summary judgment is not required to support the motion with affidavits or other similar materials to negate an opponent's claim. (See *Celotex Corporation* v. *Catrett* (1986) 477 U.S. 317 [91 L.Ed.2d 265, 106 S.Ct. 2548].) This bill would follow the federal example and require each party seeking a summary judgment to prove up its own case without having to negate claims of the opposition."[7] (See Sen. Com. on Jud. Com. Rep. on Assem. Bill No. 2616, *supra*, at p. 9.) When Assembly Bill No. 2616 was returned to the

---

[7]The reference to *Celotex Corp.* v. *Catrett* (1986) 477 U.S. 317, 322-328 [91 L.Ed.2d 265, 273-277, 106 S.Ct. 2548] is of material consequence to the issue of whether *Barnes* v. *Blue Haven Pools, supra*, 1 Cal.App.3d at pages 126-128 survived intact the enactment of the 1992 and 1993 amendments to section 437c. In *Celotex*, after permitting a plaintiff time to utilize the discovery provisions of federal law, the defendant moved for summary judgment. The evidence relied upon by the defendant consisted of the plaintiff's interrogatory answers. Those answers indicated that the plaintiff had no evidence linking the defendant's allegedly defective product with the decedent. The United States Supreme Court held that the reliance on the interrogatory answers was sufficient to shift the burden of proof to the plaintiff to produce evidence of such exposure to the defective product. The United States Supreme Court held: "In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of a nonmoving party's case necessarily renders all other facts immaterial. . . . [¶] Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact. But unlike the Court of Appeals, we find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim. On the contrary, Rule 56(c), which refers to

lower house for concurrence in Senate amendments, a report prepared by the Assembly Committee of the Floor Coordinator stated, somewhat ambiguously: "Clarifies the burden of proof on summary adjudication and summary judgment motions to codify state law as to the defendant's burden of proof and changes the plaintiff's burden of proof in accordance with the United States Supreme Court's decision of *Celotex Corp.* v. *Catrett,* (1986) 477 U.S. 317 [91 L.Ed.2d 265, 106 S.Ct. 2548] by: [¶] a) Providing that a plaintiff has shown that its motion for summary judgment or summary adjudication shall be granted if the plaintiff proves up his or her cause(s) of action. Once the plaintiff has met the initial burden, the defendant has met that burden, [*sic*] the defendant has the burden to show that there is a triable issue of fact. [¶] b) Providing that a defendant has shown that its motion for summary judgment or summary adjudication shall be granted if the defendant or cross-defendant negates an element of the plaintiff's cause(s) of action or proves up its affirmative defense(s). Once the defendant has met the initial burden, the plaintiff has the burden to show that there is a triable issue of fact." (Assem. Floor Coordinator Rep. on Assem. Bill No. 2616 (Aug. 25, 1992) p. 2.) The foregoing language from the report prepared by the Assembly Floor Coordinator for use when the issue of concurrence in the Senate amendments was before the Assembly, which included the language in former section 437c, subdivision (n)(2), is shrouded in some uncertainty. The language can be read to indicate that the plaintiff's burden of proof was to be that set forth in *Celotex Corp.* However, *Celotex Corp.* involved the defendant's burden of proof. Moreover, although the foregoing language from the report suggests that the defendant must "negate" an element of a plaintiff's cause of action, Assembly Bill No. 2616 did not state that the burden rested with the defendant to "negate" a cause of action.[8] Assembly Bill No. 2616 passed both houses of the Legislature unanimously. On September 30, 1992, Governor Wilson signed the amendments to section 437c.

---

'the affidavits, *if any*' (emphasis added), suggests the absence of such a requirement." (*Celotex Corp.* v. *Catrett, supra,* 477 U.S. at pp. 322-323 [91 L.Ed.2d at pp. 273-274]; original italics.) Professor Charles Wright of the University of Texas synthesized the *Celotex Corp.* holding as follows, "Justice Rehnquist . . . suggested that the power of the court to enter summary judgment sua sponte supports the conclusion that the moving party . . . need not produce evidence, but simply can argue that there is an absence of evidence by which the nonmovant can prove his case." (10A Wright, Federal Practice & Procedure (1994 supp.) § 2720, p. 10.) Simply stated, *Barnes* cannot be squared with *Celotex Corp.* If the Legislature intended to apply *Celotex Corp.* to a situation where a moving defendant relies upon the plaintiff's inability to prove an essential element of the case, then *Barnes* has been legislatively overruled. As will be noted, we conclude *Barnes* is no longer of any legal vitality insofar as it would preclude defendant from securing a summary judgment in the present case given both the 1992 and 1993 amendments to section 437c.

[8]When Assembly Bill No. 2616 was before the Legislature, the judicially declared rule was that a moving defendant had a duty to negate an essential element of an adversary's cause of action. (See *Molko* v. *Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46]; *Barnes* v. *Blue Haven Pools, supra,* 1 Cal.App.3d at p. 127.) The fact that the Legislature chose not to utilize the term "negate" reflects an intention to change the

On February 15, 1993, Assembly Bill No. 498 was introduced and it proposed moving the burden of proof language in section 437c, subdivision (n)(2) to subdivision (o)(2). As in the case of the 1992 amendments, there is sufficient ambiguity in Assembly Bill No. 498 to permit review of committee reports so as to determine legislative intent. (*Legislature* v. *Eu, supra*, 54 Cal.3d at p. 504; *Lungren* v. *Deukmejian, supra*, 45 Cal.3d at p. 731.) However, when originally introduced, proposed section 437c, subdivision (o)(2) did not contain the following language presently in the summary judgment law which states, "The plaintiff or cross-complainant may not rely upon the mere allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action or a defense thereto." This language, which became part of section 437c, subdivision (o)(2) when it was finally enacted, was added as a result of committee actions between February 22, 1993, when the bill was referred to the Assembly Judiciary Committee, and March 30, 1993. On March 30, 1993, the bill was amended in committee to add the language which refers to a responding party's duty to set forth specific facts rather than merely rely on the allegations or denials of the pleadings. We have reviewed the Assembly Judiciary Committee and Senate Committee on Judiciary files and they shed light on why the amendment which contains the language in the last sentence of section 437c, subdivision (o)(2) was introduced.

Prior to the insertion of the language at issue in the last sentence of section 437c, subdivision (o), Assembly Member Jan Goldsmith, the sponsor of Assembly Bill No. 498, was provided with a resolution of the State Bar Conference of Delegates which sought to "overrule cases such as *Barn[e]s* v. *Blue Haven Pools.*" (Letter of Theresa D. Taylor, Legis. Counsel of State Bar of California to Assembly Member Jan Goldsmith dated Jan. 7, 1993, contained in Sen. Com. on Judiciary file for Assem. Bill No. 498 (1993-1994 Reg. Sess.).) On March 5, 1993, Assembly Member Goldsmith submitted to the Assembly Committee on Judiciary the State Bar resolution which indicated the decision in *Barnes* v. *Blue Haven Pools, supra*, 1 Cal.App.3d at page 127, was inconsistent with the federal rule for granting summary judgment in that it permitted the pleadings themselves to preclude the entry of summary judgment. The State Bar resolution had as its express purpose

---

long-standing duty of a moving defendant. However, we expressly do not reach the issue in this case as to whether the Legislature in 1992 intended to adopt the *Celotex Corp.* test and, if so, to what extent. Rather, the sole issue before us relates to whether *Barnes* v. *Blue Haven Pools, supra*, 1 Cal.App.3d at pages 126-128, is a valid statement of California law. Our decision that *Barnes* is not to the extent it prevents a defendant from securing summary judgment based on a plaintiff's factually devoid discovery response is premised upon our reading of the statutory language and judicially noticed legislative history materials prepared in connection with *both* the 1992 and 1993 amendments to section 437c.

the overruling of *Barnes* v. *Blue Haven Pools, supra,* 1 Cal.App.3d at pages 126-128. Accompanying the State Bar resolution given to the Assembly Judiciary Committee by Assembly Member Goldsmith was the Advisory Committee Notes to the 1963 amendment to rule 56(e) of the Federal Rules of Civil Procedure (28 U.S.C.). The Advisory Committee Notes submitted by Assembly Member Goldsmith stated as follows: "The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. The Third Circuit doctrine, which permits the pleadings themselves to stand in the way of granting an otherwise justified summary judgment is incompatible with the basic purposes of the rule. [Citations.]" Also submitted to the Assembly Committee on Judiciary by Assembly Member Goldsmith was a copy of the *Barnes* decision. As a result, on March 30, 1993, Assembly Bill No. 498 was amended to add the language appearing in the last sentence of section 437c, subdivision (o)(2) requiring a party responding to a summary judgment motion to rely on facts, not on the pleadings. In other words, before Assembly Member Goldsmith submitted, on March 5, 1993, the State Bar resolution and other materials concerning rule 56(e) of the Federal Rules of Civil Procedure (28 U.S.C.), the language at issue now in the last sentence of section 437c, subdivision (o)(2) was not in Assembly Bill No. 498.

On March 31, 1993, the bill was amended to add the language concerning the responding party's duty to rely on specific facts once the burden of proof shifted. Later, at the April 28, 1993, hearing before the Assembly Committee on Judiciary, the report prepared for that date stated: "Specifies that once the burden shifts, . . . the opposing party may not rely 'upon the mere allegations or denials of the pleadings' to show that a triable issue of material fact exists but, instead, must 'set forth the specific facts showing that a triable issue of material fact exists' as to the cause of action or a defense thereto." (See Assem. Com. on Judiciary Rep. on Assem. Bill No. 498 (1993-1994 Reg. Sess.) p. 1.) On May 10, 1993, Assembly Bill No. 498 was unanimously approved and sent to the Senate.

In the Senate, a hearing was held on June 29, 1993, before the Senate Judiciary Committee. A report prepared for that date contained similar explanatory language as appeared in the Assembly Committee on Judiciary written analysis. However, the Senate report also made specific reference to rule 56 of the Federal Rules of Civil Procedure (28 U.S.C.). The report stated: "Federal Rule of Civil Procedure 56 governs summary judgment. Rule 56(e) specifically requires the opposing party to set forth specific facts showing that there is a genuine issue for trial. The notes of the Advisory Committee on Rules to the United Supreme Court states, that Rule 56(e) was added to overcome a line of cases that impaired the utility of the summary

judgment motion. These cases allowed an opposing party to rely on mere allegations or denials contained in the pleadings, thus preventing courts from being able to determine whether there was a genuine issue of fact in existence. According to the Committee, this frustrated the essential purpose of Rule 56, which is to 'pierce the pleadings to access the proof in order to see whether there is a need for trial.' [¶] The Advisory Committee opined that Rule 56(e) would more effectively utilize the summary judgment motion by requiring the parties to aver to specifics. . . . [¶] AB 498 captures the essence of Rule 56(e) by requiring the opposing party to set forth specific facts in opposing a motion. The language adopted by this bill is not Rule 56(e) verbatim, but reflects the specific requirements of California law. However technically different, the substance of each is virtually the same." (See Sen. Com. on Judiciary Rep. on Assem. Bill No. 498 (1993-1994 Reg. Sess.) p. 3.) The report also referred to the 1992 amendment to then existing section 437c, subdivision (n)(2), which in 1993 was in effect, when it noted: "In addition to these similarities, California has taken other steps to move our summary judgment law closer to federal law. AB 2616(Peace) adopted other provisions of Rule 56, requiring each party seeking a summary judgment to prove up its own case without having to negate claims of the opposition." (Sen. Com. on Judiciary Rep. on Assem. Bill No. 498, *supra*, at p. 4.) As did its Assembly counterpart, the Senate Committee on Judiciary also had before it the State Bar resolution which sought to abrogate the effect of *Barnes* v. *Blue Haven Pools*, *supra*, 1 Cal.App.3d at pages 126-128, as well as a copy of this division's opinion in *Barnes*. Later, in a report prepared by the Office of Senate Floor Analyses, it was noted, "The purpose of this bill is to clarify the law relating to summary judgment and summary adjudication and to bring it closer to the federal law relating to these same procedures." (See Sen. Rules Com. Rep. on Assem. Bill No. 498 (1993-1994 Reg. Sess.) p. 2.) On July 8, 1993, the bill unanimously passed the Senate with minor unrelated amendments. On July 12, 1993, after concurrence in the Senate amendments, the bill passed the Assembly unanimously and was signed by the Governor on July 30, 1993.

The express language and legislative history of the 1992 and 1993 amendments to section 437c indicate the following. Two separate Legislatures unanimously intended unequivocally to substantially change a portion of California's summary judgment law. Taken together, the 1992 and 1993 amendments to section 437c legislatively overruled this division's holding in *Barnes* v. *Blue Haven Pools*, *supra*, 1 Cal.App.3d at pages 126-128, insofar as it prohibited a summary judgment motion from being granted when a moving defendant merely relies on a plaintiff's factually devoid interrogatory answers. Whatever uncertainty may have existed after the 1992 legislation was approved by the Governor as to the continued viability of *Barnes*,

the purpose of Assembly Bill No. 498 is unmistakable. Both the Assembly and Senate Committees on Judiciary had before them the State Bar resolution which sought to repeal *Barnes* as well as a copy of the opinion. One of the factors we consider in determining the legislative intent is the " 'object in view' " and the problem the Legislature was addressing. (See *Walters* v. *Weed* (1988) 45 Cal.3d 1, 10 [246 Cal.Rptr. 5, 752 P.2d 443]; *Cossack* v. *City of Los Angeles* (1974) 11 Cal.3d 726, 733 [114 Cal.Rptr. 460, 523 P.2d 260].) The Legislature intended that the burden-shifting characteristics of rule 56 of the Federal Rules of Civil Procedure (28 U.S.C.), as interpreted in *Celotex Corp.* v. *Catrett, supra*, 477 U.S. at pages 322-327 [91 L.Ed.2d at pages 273-276], were to be applied to California summary judgment motions when a defendant relied on a plaintiff's factually inadequate discovery answers to seek summary judgment. Now, a moving defendant may rely on factually devoid discovery responses to shift the burden of proof pursuant to section 437c, subdivision (o)(2). Once the burden shifts as a result of the factually devoid discovery responses, the plaintiff must set forth the specific facts which prove the existence of a triable issue of material fact. The express language of the 1992 and 1993 amendments and the judicially noticed legislative history demonstrate the foregoing was intended by the Legislature.[9]

---

[9]The only firm contradictory legislative history is a letter inserted in the Assembly Daily Journal dated September 8, 1993, by Assembly Member Peace, the sponsor of the 1992 amendment, which states: "It has come to my attention that there is some confusion as to the burden of proof allocated to parties on motions for summary judgment as a result of my AB 2616 chaptered last year. The allocation of the burden of proof pre AB 2616 is set forth in cases such as *Chevron, U.S.A.* v. *Superior Court*, (1992) 4 Cal.App.4th 544 [5 Cal.Rptr.2d 674] and *Nymark* v. *Heart Federal Savings and Loan Association*, (1991) 231 Cal.App.3d 1089 [283 Cal.Rptr. 53]. These decisions unfairly required plaintiffs not only to prove up their own case but to negate all affirmative defenses as well. [¶] AB 2616 adopted in a modified form the rule of *Celotex Corp.* v. *Catrett*, (1986) 477 U.S. 317 [91 L.Ed.2d 265, 106 S.Ct. 2548] and overrode pre-existing California law by providing that a plaintiff may obtain a summary judgment if it proves up the allegations of its complaint. Post AB 2616, a plaintiff no longer has to negate affirmative defenses in order to obtain a summary judgment. [¶] AB 2616 did not change the applicable burden for a defendant to obtain a summary judgment. [¶] Therefore, the suggestion that post AB 2616 a defendant can now meet its burden of proof simply by pointing out that the nonmoving party has no evidence, as is allegedly the case under *Celotex*, is simply not true. AB 2616 merely codified the already existing burden of proof for defendants without change. [¶] Earlier this year, the Governor signed into law AB 498 (Goldsmith-Peace), Chapter 276, Statutes of 1993, makes crystal clear that the intent behind AB 2616 was to provide that a plaintiff may obtain a summary judgment if it proves upon the allegations of its complaint. [¶] I trust that this puts to rest any questions as to the intent behind AB 2616 as to summary judgments." (Assem. J. (1993-1994 Reg. Sess.) p. 4190.)

We may not rely on the September 8, 1993, letter as a statement of legislative intent. The California Supreme Court has held that a letter printed on motion in the Senate or Assembly Journal is admissible on the issue of legislative intent under these circumstances: " 'In construing a statute we do not consider the motives or understandings of individual legislators

We recognize that there may be other aspects of the legislatively intended changes resulting from the 1992 and 1993 amendments to section 437c.

---

who cast their votes in favor of it. [Citations.] Nor do we carve an exception to this principle simply because the legislator whose motives are proffered actually authored the bill in controversy [citation]; no guarantee can issue that those who supported his proposal shared his view of its compass.' [Citation.] A legislator's statement is entitled to consideration, however, when it is a reiteration of legislative discussion and events leading to adoption of proposed amendments rather than merely an expression of personal opinion. [Citations.] . . . The statement of an individual legislator has also been accepted when it gave some indication of arguments made to the Legislature and was printed upon motion of the Legislature as a 'letter of legislative intent.' [Citation.]" (*California Teachers Assn.* v. *San Diego Community College Dist.* (1981) 28 Cal.3d 692, 699-701 [170 Cal.Rptr. 817, 621 P.2d 856]; accord, *Roberts* v. *City of Palmdale* (1993) 5 Cal.4th 363, 377 [20 Cal.Rptr.2d 330, 853 P.2d 496]; *Delaney* v. *Superior Court, supra*, 50 Cal.3d at pp. 800-801, fn. 11.) For example, in the case of *In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 589-590 [128 Cal.Rptr. 427, 546 P.2d 1371], the Supreme Court held that a letter printed in the Senate Journal on motion of a Senator as a " 'letter of legislative intent' " could be considered in construing a statute for two reasons. First, the letter referred to debate which could illuminate the interpretation of the statute intended by the Legislature. Second, it was a letter of the author printed on motion in the Senate Journal. The Supreme Court required the letter refer to arguments presented to legislators before it could be considered. (*California Teachers Assn.* v. *San Diego Community College Dist., supra*, 28 Cal.3d at pp. 700-701; *In re Marriage of Bouquet, supra*, 16 Cal.3d at p. 590.) In the present case, the September 8, 1993, letter does not meet the standard of admissibility set forth in the foregoing California Supreme Court authority. The letter does not reflect the arguments presented to the legislators and hence, does not illuminate what was their intent. (*Ibid.*)

Even if we were to consider it, we conclude that the September 8, 1993, letter, written after the adoption of the 1993 amendment to section 437c, when weighed against the other evidence of legislative intent, is insufficient to support the conclusion that *Barnes* v. *Blue Haven Pools, supra*, 1 Cal.App.3d at pages 126-128, is still a valid statement of California law insofar as it prohibits a defendant from securing a summary judgment based upon a plaintiff's factually incomplete discovery responses. The standard of review of a letter purporting to reflect legislative intent when it conflicts with other documents reflecting a different design was set forth by the California Supreme Court as follows: "To say that the letter [of legislative intent printed on motion in the Senate Journal] properly bears upon the issue of legislative intent is not to hold that it necessarily concludes that issue. In many cases the indicia of intent are in conflict, and the proper construction of the statute requires us to impute weight to expressions in accord with their probative value. Thus, a motion to print a letter of legislative intent commands less respect than a formal resolution of legislative intent. *Likewise, an individual legislator's recount of the argument preceding the passage of a bill probably merits less weight than extensive committee reports* on the bill or a formal record of the legislative debates." (*In re Marriage of Bouquet, supra*, 16 Cal.3d at pp. 590-591, italics added.) The point of the September 8, 1993, letter is that the holding of *Celotex Corp.* v. *Catrett, supra*, 477 U.S. at pages 322-326 [91 L.Ed.2d at pages 273-276], applies to a summary judgment motion filed by a plaintiff but not by a defendant. However, the extensive committee reports indicate the Legislature, as a result of the 1992 and 1993 legislation, intended to revise the law of summary judgment as it related to the burden of proof of *both* plaintiffs and defendants who are moving parties. The only evidence that indicates a defendant's burden was unaffected by Assembly Bill No. 2616 is the vaguely worded Assembly report prepared after the Senate passed the legislation on August 27, 1992. However, that report: conflicts with the Senate analysis; insofar as it suggests a defendant must "negate" an element of the plaintiff's case is at odds with the statutory language; misapplies the *Celotex*

However, the only issue raised by this petition relates to whether *Barnes* v. *Blue Haven Pools, supra,* 1 Cal.App.3d at pages 126-128 required that the summary judgment motion at issue be denied. Our opinion can only be read to apply to the specific issue before the court. (*People* v. *Banks* (1993) 6 Cal.4th 926, 945 [25 Cal.Rptr.2d 524, 863 P.2d 769]; *People* v. *Saunders* (1993) 5 Cal.4th 580, 592, fn. 8 [20 Cal.Rptr.2d 638, 853 P.2d 1093].) We are not addressing other issues concerning the manner rule 56 of the Federal Rules of Civil Procedure (28 U.S.C.) may apply to California summary judgment motions or the further applicability of *Celotex Corp.* v. *Catrett, supra,* 477 U.S. at pages 322-327 [91 L.Ed.2d at pages 275-276] to section 437c as amended in 1992 and 1993. (Cf. *Montrose Chemical Corp.* v. *Superior Court* (1993) 6 Cal.4th 287, 301, fn. 4 [24 Cal.Rptr.2d 467, 861 P.2d 1153].)

■ Applying the foregoing to the present case, we conclude defendant is entitled to summary judgment. Defendant's separate statement cites facts which prove that the repossession of the scanner took place in accord with the terms of the lending documents; plaintiff's interrogatory responses

---

*Corp.* opinion to a plaintiff's summary judgment motion; and to the extent it infers in a somewhat uncertain manner that *Celotex Corp.* only applies to a plaintiff's motion, the report is not corroborated by the Legislative Counsel's Digest. (See Legis. Counsel's Dig., Assem. Bill No. 2616 (1992-1993 Reg. Sess.) ch. 1348.) Of additional consequence is the letter to the Governor of Assembly Member Peace at the time of passage of Assembly Bill No. 2616 in 1993, requesting approval of the legislation, which states: "Finally, AB 2616 also revises the burden of proof on summary judgment motions to conform to Federal Rule of Civil Procedure 56. See: *Celotex Corporation* v. *Catrett,* (1986) 477 U.S. 317 [91 L.Ed.2d 265, 106 S.Ct. 2548]. This should result in more motions being granted as summary judgment is a much more favored remedy in the federal courts." (Letter of Assembly Member Peace to Governor Wilson dated Sept. 3, 1992.) No mention was made in the September 3, 1992, letter to the Governor that the Assembly Bill No. 2616 would only apply *Celotex Corp.* to a plaintiff's summary judgment motion.

Whatever uncertainty may have existed concerning the viability of *Barnes* v. *Blue Haven Pools, supra,* 1 Cal.App.3d at pages 126-128, as it related to a defendant relying on a plaintiff's discovery responses, was resolved in 1993. Neither the Assembly nor Senate Committees on Judiciary reports indicated *Celotex* would apply to a plaintiff but not to a defendant. More critically, the committees were both reacting to a State Bar resolution calling for the legislative repeal of *Barnes.* (See Assem. Com. on Judiciary Rep. on Assem. Bill. No. 498, *supra,* pp. 1-2; Sen. Com. on Jud. Com. Rep. on Assem. Bill No. 498, *supra,* pp. 1-4.) The reports, as set forth in the body of this opinion, indicate that the purpose of the bill was to legislatively overrule *Barnes* and require a responding party to "set forth the specific facts showing that a triable issue of material fact exists as to that cause of action . . . ." (§ 437c, subd. (o)(2).) Accordingly, when we weigh all of the evidence concerning legislative intent, we conclude the Legislature, as a result of both the 1992 and 1993 legislation, intended to abrogate *Barnes* insofar as it prohibited a moving defendant from securing a summary judgment based upon factually inadequate discovery responses of a plaintiff. Respected California commentators are in accord with our analysis. (See, Weil & Brown, Cal. Practice Guide, *supra,* §§ 10:241-10:241.4, pp.10-65-10-67.)

demonstrate they have no evidence defendant made any fraudulent representations; plaintiffs' interrogatory responses indicate they have no evidence defendant was a member of a fraudulent conspiracy; and plaintiffs admitted defendant had done nothing wrong in connection with the actual lending of the money and repossession of the scanner. This was sufficient to shift the burden of proof to plaintiffs pursuant to section 437c, subdivision (o)(2). (Cf. *Celotex Corp.* v. *Catrett, supra,* 477 U.S. at pp. 322-324 [91 L.Ed.2d at pp. 273-275]; *Jambazian* v. *Borden, supra,* 25 Cal.App.4th at pp. 843-844, 846, 850, fns. 8, 9.) The facts referred to in plaintiffs' separate statement were insufficient to create a triable issue as to whether defendant was civilly liable for any misrepresentations on its part. As noted previously, plaintiffs' declarations and exhibits demonstrated: money in the NMR Investors Fund I had disappeared; the losses were serious; several plaintiffs thought defendant was liable; and there were unanswered questions concerning why the money was missing. This was insufficient to create a triable issue as to any fraud on defendant's part. To the extent the conclusory declarations could somehow be construed to suggest there was mismanagement of the collection of the moneys due under the terms of the lending agreements or any misconduct in connection with the repossession of the scanner, plaintiffs were barred from creating such a triable issue because of their admission responses. (*D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 21-22 [112 Cal.Rptr. 786, 520 P.2d 10]; *Visueta* v. *General Motors Corp.* (1991) 234 Cal.App.3d 1609, 1613 [286 Cal.Rptr. 402].) They admitted defendant took no inappropriate role in connection with the transactions at issue which include administration of the loan collections and repossession of the scanner. Therefore, plaintiffs failed to sustain their burden of proving that the various fraud causes of action had "merit." (§ 437c, subd. (n)(2).) As noted previously, the trial court correctly granted summary issue adjudication on the fiduciary duty claim.

■ The sole remaining cause of action was for an accounting. The grounds alleged in the accounting cause of action were that: there was a breach of fiduciary duty; the accounts were complicated; and fraud. These are proper grounds for an accounting. (*Smith* v. *Blodget* (1921) 187 Cal. 235, 242 [201 P 584] [fiduciary relationship]; *Civic Western Corp.* v. *Zila Industries, Inc.* (1977) 66 Cal.App.3d 1, 14 [135 Cal.Rptr. 915] [complicated accounts when there is a dispute as to whether money is owed]; *Fairbairn* v. *Fairbairn* (1961) 194 Cal.App.2d 501, 513 [15 Cal.Rptr. 548] [fraud].) However, as we have concluded, there was no basis for a finding of fraud or breach of a fiduciary relationship. Further, as plaintiffs admitted in their admissions responses, defendant did nothing wrong in terms of administering the loan or seizing the medical scanner. Hence, defendant has proven it engaged in no misconduct and, as a result, plaintiffs have no right to an

accounting. (*Merrill* v. *Gordon & Harrison* (1929) 208 Cal. 1, 5-6 [279 P. 996] [because defendant did not deprive plaintiff of any profits, no right to accounting]; *K. King and G. Schuler Corp.* v. *King* (1968) 259 Cal.App.2d 383, 396 [66 Cal.Rptr. 330], disapproved on another point in *Liodas* v. *Sahadi* (1977) 19 Cal.3d 278, 293, fn. 13 [137 Cal.Rptr. 635, 562 P.2d 316] [absence of finding of fraud precludes accounting]; *Baxter* v. *Krieger* (1958) 157 Cal.App.2d 730, 732 [321 P.2d 879] [since no moneys due to plaintiff, no right to an accounting]; *Caldwell* v. *Caldwell* (1947) 80 Cal.App.2d 378, 382-383 [182 P.2d 258] [absence of misconduct by defendants warranted nonsuit as to plaintiff's accounting cause of action].) There is no right to an accounting where none is necessary. (*St. James Church* v. *Superior Court* (1955) 135 Cal.App.2d 352, 359 [287 P.2d 387].) Since defendant owes no money to plaintiffs and did not deprive them of any moneys or the lawful use of the scanner, as a matter of law the accounting cause of action must be dismissed. (See 5 Witkin Cal. Procedure, *supra*, Pleading, § 769, pp. 215-216.) No California decision holds that the existence of a complicated accounting relationship between parties by itself permits the maintenance of a lawsuit between them when no money is owed or property must be returned. There is no authority for such a proposition and we decline to create such a litigation state of affairs. For the foregoing reasons, we conclude that defendant was entitled to summary judgment and therefore a writ of mandate must issue.

## IV. DISPOSITION

A petition for writ of mandate is to issue directing the respondent court to set aside its order entered on July 6, 1994, denying the summary judgment motion. A new order is to be entered granting the summary judgment motion. Defendant, Union Bank, is to recover its costs incurred in connection with these extraordinary writ proceedings jointly and severally from plaintiffs.

Grignon, J., and Armstrong, J., concurred.

A petition for a rehearing was denied February 1, 1995, and the petition of real parties in interest for review by the Supreme Court was denied March 23, 1995. Mosk, J., and Kennard, J., were of the opinion that the petition should be granted.