Filed 1/28/14  Baker v. Prudential Overall Supply CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| KATIE BAKER,<br><br>     Plaintiff and Appellant,<br><br>v.<br><br>PRUDENTIAL OVERALL SUPPLY, INC.,<br><br>     Defendant and Respondent. | 2d Civil No. B247586<br>(Super. Ct. No. 56-2011-396798-CU-BC-SIM)<br>(Ventura County) |

Katie Baker appeals from the summary judgment entered in favor of respondent Prudential Overall Supply, Inc. (Prudential) on her first amended complaint for wrongful termination.  (Code Civ. Proc., § 473c.)[1]  Appellant asserts that the judgment should be set aside based on the inexcusable neglect of her trial attorney.  (§ 473, subd. (b).)  We affirm.

*Facts*

Appellant sued Prudential for wrongful termination, breach of contract, negligence, and unfair business practices (Bus. & Prof. Code, § 17200) after she was terminated as a sales representative in 2009.  The first amended complaint alleges that appellant was hired in 2008 and received good job reviews until her manager,

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

Chuck Bradley, "forged" a document extending her probation period. Appellant was terminated on May 11, 2009, allegedly without cause and in violation of the employment agreement.

Prudential filed a summary judgment motion based on requests for admissions (RFAs) that were deemed admitted when appellant failed to respond to discovery. Appellant's trial attorney, Michael Fox, blamed the discovery default on a contract attorney who failed to appear at a discovery hearing. Appellant signed verified RFA responses that were lodged with the trial court.

The trial court, over Prudential's objection, considered the RFA responses. The court also reviewed the employment agreement ("Summary of Employment Offer") which is attached to the First Amended Complaint, finding that it is an at-will employment contract. Based on the verified RFA responses, the trial court ruled there were no triable material facts that Prudential breached the employment agreement or that appellant was wrongfully terminated.

*Discussion*

The grant of summary judgment is reviewed de novo. (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.) As with any appeal from a judgment, it is appellant's responsibility to affirmatively demonstrate error and to point out the triable issues by citation to the record and supporting authority. (*Bains v. Moores* (2009) 172 Cal.App.4th 445, 455.)

Appellant argues that the action was dismissed based on a discovery default. The trial court, however, considered appellant's verified RFA responses. "[W]hen discovery has produced an admission or concession on the part of the party opposing summary judgment which demonstrates that there is no factual issue to be tried," controverting affidavits may be disregarded. (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 21; *Union Bank v. Superior Court* (*Demetry*) (1995) 31 Cal.App.4th 573, 580.)

2

It is undisputed that appellant signed an employment agreement requiring that she meet a sales quota during a 21 week probation period. The verified RFA responses admit that appellant signed a February 23, 2009 "Probationary Period Extension Document" acknowledging that she had not met her $720/week sales quota and that she was granted a four-week probation extension to meet the sales quota. (RFA 5.) Appellant further admits that she did not meet the required standards for employment as set forth in a company training schedule (RFA 9.) For summary judgment purposes, a party is bound by his or her admissions made in the course of discovery. (*Scalf v. D. B. Log Homes, Inc.* (2005) 128 Cal.App.4th 1510, 1525, fn. 6.)

Appellant's assertion that she is entitled to section 473 relief based on the neglect of her trial attorney is without merit. The mandatory relief provision of section 473, subdivision (b) does not apply to summary judgments. (*Huh v. Wang* (2007) 158 Cal.App.4th 1406; 1417; *English v. Ikon Business Solutions, Inc.* (2001) 94 Cal.App.4th 130, 142-143.) "[A] summary judgment is neither a 'default,' nor a 'default judgment,' nor a 'dismissal.'" (*Id.*, at p. 143.)

There are no triable material facts that Prudential engaged in unfair business practices or breached the employment agreement by not training appellant. Absent a contract provision to the contrary, it is presumed that appellant's employment is terminable at will. (Lab. Code, § 2922; *Guz v. Bechtel National, Inc.*, *supra,* 24 Cal.4th at pp. 349-350.) Appellant's job application so provides and states: "Agreement for At-Will Employment. I understand that all Prudential Overall Supply associates are employed at will, and that either I or Prudential Overall Supply may terminate my employment at any time, with or without cause . . . ." The trial court reasonably concluded that appellant cannot defeat her at-will employment status based on implied covenant that is inconsistent with the terms of the job application and employment agreement. (Rutter, Cal. Practice Guide (2012)

3

Employment Litigation  [¶] 4:341.1, p. 4-45; *Nein v. HostPro, Inc.* (2009) 174 Cal.App.4th 833, 852.)

The judgment (order granting summary judgment) is affirmed. Prudential is awarded costs on appeal.

<u>NOT TO BE PUBLISHED.</u>


                                        YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

Barbara A Lane, Judge

Superior Court County of Ventura

_____

Katie Baker, in pro per, Appellant.

Edward Gordon, John D. Gibson; Gibson & Gibson, for Respondents.