[No. B205186. Second Dist., Div. Five. June 3, 2008.]

ADVANCED-TECH SECURITY SERVICES, INC., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ESTER ROMAN, Real Party in Interest.

## Counsel

Manning & Marder, Kass, Ellrod, Ramirez, Evelira M. Serafini and Ladell Hulet Muhlestein for Petitioner.

No appearance for Respondent.

Arias Ozzello & Gignac, H. Scott Leviant, Mike Arias, Mark Ozzello and Mikael Stahle for Real Party in Interest.

## Opinion

**KRIEGLER, J.**—Labor Code section 510, subdivision (a)[1] mandates that an employer pay an employee time and one-half for (1) more than eight hours of work in one workday, and (2) more than 40 hours of work in any workweek. In this case, the employer agreed to pay the employee a premium rate of one and one-half times her regular rate of pay for work on designated holidays. The issue presented here is whether the employee is entitled to time and one-half of the premium holiday pay as overtime if the employee works more than eight hours in a day or 40 hours in a week.

We hold that the plain language of section 510 does not require an employer to compensate an employee at a rate higher than one and one-half times the regular rate of pay under the circumstances presented here. The employer is entitled to credit the time-and-one-half premium pay on holidays against otherwise earned overtime. Accordingly, we issue a writ of mandate

---

[1] All statutory references are to the Labor Code unless otherwise indicated.

and direct respondent court to vacate its order denying the employer's motion for summary adjudication as to real party in interest's first cause of action for failure to pay overtime compensation and enter a new and different order granting the summary adjudication motion.

## FACTS AND PROCEDURAL BACKGROUND

### I. *Factual Background*

Real party in interest Ester Roman has been employed as a security guard for petitioner Advanced-Tech Security Services, Inc. (Advanced-Tech), from June 2, 2003, to the present. At the time Ms. Roman began her employment, she was provided with Advanced-Tech's Employee Handbook which sets forth both its policies for payment of overtime wages, as well as the amount of wages it would pay to security guards who worked on designated holidays.

The employee's handbook provided that all hours an employee worked in excess of 40 hours per week would be compensated at the rate of one and one-half times the employee's regular rate of pay. Advanced-Tech's handbook also identifies six holidays for which an employee will be paid whether or not that employee reports for work on that day, including New Year's Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, and Christmas Day. If an employee does work on one of the enumerated holidays, he or she will be paid a premium rate of one and one-half times the regular rate of pay for that day's work.

During the week of September 4, 2006, Ms. Roman worked 12 hours on Monday, which was Labor Day, 12 hours on both Tuesday and Wednesday, and eight hours each on Thursday, Friday, and Saturday for a total of 60 hours. Her paycheck reflected payment of one and one-half times her regular rate for the four hours of overtime she worked on both Tuesday and Wednesday of that week, as well as the premium rate of pay of one and one-half times for the 12 hours she worked on Labor Day. As such, Ms. Roman was paid for 40 hours at her regular rate of pay and 20 hours at a rate of time and one-half. Ms. Roman contends that the time and one-half she was paid for working on Labor Day was her regular rate of pay pursuant to the employee's handbook, and she was entitled to be paid one and one-half times the premium rate for the hours she worked on Labor Day.

In addition, during the week of May 28, 2007, Ms. Roman worked eight hours on Memorial Day and eight hours of overtime during the same week. She was paid 39.50 hours of regular pay, eight hours of premium pay for working on Memorial Day and eight hours of overtime pay for the overtime hours she worked during that week. However, Ms. Roman again alleges that

she should have been paid 23.5 hours of regular pay, eight hours of overtime pay for the hours she worked overtime during the regular workweek and 24 hours (or triple time) for the eight hours she worked on Memorial Day.

## II. *Procedural Background*

Ms. Roman filed a first amended complaint against Advanced-Tech for failure to pay overtime compensation pursuant to sections 510, 1194, and 1198, as well as failure to provide accurate itemized statements to her in accordance with section 226, and unfair business practices in violation of Business and Professions Code section 17200. The first amended complaint is labeled as a class action and alleges Ms. Roman brought the action on behalf of herself and all other persons who work or worked as security guards for Advanced-Tech.

Advanced-Tech filed a motion for summary adjudication directed against the first cause of action for failure to pay overtime pay on the ground that Ms. Roman would never be able to prove that she was not paid one and one-half times her regular rate of pay for the days she worked in excess of eight hours per day and/or in excess of 40 hours in one week. The motion argued that Ms. Roman was paid time and one-half for her holiday work, and holiday pay was properly credited against overtime pay to the extent she worked in excess of a 40-hour workweek.

Ms. Roman's opposition to the summary adjudication motion argued that she was entitled to time and one-half on the holidays and, if she worked in excess of 40 hours in the same week, she was entitled to additional overtime payments. Ms. Roman contended she was not paid the statutory overtime rate on the excess of 40 hours in a workweek. The time-and-one-half pay provision for holidays set forth in the employee's handbook was part of her regular rate of pay, citing *Santa Monica Police Officers Assn. v. Board of Administration* (1977) 69 Cal.App.3d 96, 100, footnote 3 [137 Cal.Rptr. 771] (*Santa Monica Police Officers*). The contractual wage for holiday work belonged to Ms. Roman once earned and taking that from her by crediting it against overtime violated section 221.

In its reply to the opposition to the motion for summary adjudication, Advanced-Tech argued that the undisputed evidence showed that for the week of September 4, 2006, Ms. Roman worked 60 hours; she was paid at her regular rate of pay for 40 hours; she received 12 hours of holiday pay at time and one-half; and she received eight hours of overtime at time and one-half. She was paid on a similar basis for her work during the week of May 28, 2007. This payment was consistent with section 510, as premium holiday pay may be credited against overtime.

Respondent court denied Advanced-Tech's motion on the ground that its authorities "did not address the issue of the propriety of its practice of crediting a *contractual* holiday premium payment toward overtime pay for work in excess of 40 hours in the same week."

Advanced-Tech sought relief by petition for writ of mandate in this court. We issued an order to show cause and received a return filed by Ms. Roman.

## DISCUSSION

Advanced-Tech contends it complied with section 510, subdivision (a), by paying Ms. Roman at a rate of one and one-half times her regular pay for all hours in excess of eight hours per workday and 40 hours per workweek. In addition to the language of section 510, Advanced-Tech relies on related federal law—the Fair Labor Standards Act of 1938 (the FLSA; 29 U.S.C. § 201 et seq.)—which excludes several types of remuneration from the regular rate of pay including "extra compensation . . . for work . . . on Saturdays, Sundays, *holidays*, or regular days of rest." (29 U.S.C. § 207(e)(1)–(8), italics added.) We hold that Advanced-Tech's interpretation of the pertinent law is correct and it was entitled to summary adjudication of the first cause of action.

### A. *Summary Adjudication Review*

The denial of a motion for summary judgment or summary adjudication is subject to de novo review. (*Buss v. Superior Court* (1997) 16 Cal.4th 35, 60 [65 Cal.Rptr.2d 366, 939 P.2d 766].) A motion for summary adjudication may be made by itself and is similar in all procedural respects to a motion for summary judgment. (Code Civ. Proc., § 437c, subd. (c).)

A defendant is entitled to summary adjudication where the moving party establishes the right to entry of judgment as a matter of law. (*Union Bank v. Superior Court* (1995) 31 Cal.App.4th 573, 579 [37 Cal.Rptr.2d 653].) " 'Summary [adjudication] is mandatory where no triable issues exist as to a material fact . . . .' " (*Exxon Corp. v. Superior Court* (1997) 51 Cal.App.4th 1672, 1679 [60 Cal.Rptr.2d 195].)

### B. *Advanced-Tech's Overtime Payments to Ms. Roman Complied with the Provisions of Section 510, Subdivision (a)*

Section 510 provides in pertinent part as follows: "(a) Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular

rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." In addition, the statute expressly provides that "[n]othing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work." (*Ibid.*)

■ In considering the question of Advanced-Tech's compliance with section 510, subdivision (a), we begin with the settled rules of statutory construction. First, we look at the words of the statute itself as the most reliable indicator of the legislative intent. (*Green v. State of California* (2007) 42 Cal.4th 254, 260 [64 Cal.Rptr.3d 390, 165 P.3d 118].) The words are given their plain and commonsense meaning. (*Ibid.*; *Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) The meaning of a statute may not be determined from a single word or sentence, but must be construed in context and given a reasonable construction. (*Webster v. Superior Court* (1988) 46 Cal.3d 338, 344 [250 Cal.Rptr. 268, 758 P.2d 596]; *Lungren v. Deukmejian, supra,* 45 Cal.3d at p. 735.)

■ The plain language of section 510 does not support the position taken by Ms. Roman. There is nothing in section 510 to suggest that the Legislature intended to deem premium holiday pay, voluntarily offered by the employer, as regular pay. It is true the statute is silent on the treatment of premium holiday pay, but as set forth below, the legislative history of section 510 demonstrates no intent to consider it as part of an employee's regular rate of pay. In addition, relevant federal legislation and case law are decidedly to the contrary.

Section 510, subdivision (a), was amended to its current form by Assembly Bill No. 60 (1999–2000 Reg. Sess.) in 1999. The 1999 amendment to section 510 codified the requirement of daily overtime compensation at a rate of one and one-half times the regular rate of pay after eight hours of daily work and 40 hours of weekly work. According to the analysis of Assembly Bill No. 60 (1999–2000 Reg. Sess.) as amended July 1, 1999, page 6, the amendment to section 510 was necessary to overturn five work orders issued by the Industrial Welfare Commission[2] on January 1, 1998, that had eliminated daily overtime pay completely and provided that no overtime pay would be

_____

[2] "In California, the Industrial Welfare Commission (IWC) is empowered to issue 'wage orders' regulating wages, work hours, and working conditions with respect to several industries and occupations." (*Huntington Memorial Hospital v. Superior Court* (2005) 131 Cal.App.4th 893, 902 [32 Cal.Rptr.3d 373].)

required for hours worked " 'in excess of any daily number.' " The express purpose of Assembly Bill No. 60 was to establish daily overtime pay after eight hours of work in a single day as the general rule in California. The legislative history of section 510 provides no indication of intent to treat premium holiday pay as a regular rate of pay.

■ Here, Ms. Roman was paid one and one-half times her regular rate of pay for each hour she worked over eight hours in one day and for her work over 40 hours in the weeks of September 2006 and May 2007, the two weeks she also worked on a holiday. Advanced-Tech paid Ms. Roman in compliance with the plain language of section 510, subdivision (a). There is nothing in section 510 which prohibits an employer from crediting premium pay for a holiday against weekly overtime.

Support for this interpretation is found in the FLSA, its supporting federal regulations, and case law interpreting federal law. "Our Supreme Court has 'frequently referred to such federal precedent in interpreting parallel language in state labor legislation.' (*Fire Fighters Union v. City of Vallejo* (1974) 12 Cal.3d 608, 616 [116 Cal.Rptr. 507, 526 P.2d 971].)" (*United Food & Commercial Workers Union v. Superior Court* (2000) 83 Cal.App.4th 566, 577 [99 Cal.Rptr.2d 849].)

■ The FLSA provides that employees engaged in interstate commerce shall be paid "at a rate not less than one and one-half times the regular rate" for a 40-hour workweek. (29 U.S.C. § 207(a)(1).) This is consistent with the language of section 510, subdivision (a), as it relates to a 40-hour workweek, although the federal statute does not require overtime payments for a workday in excess of eight hours.

■ Under the FLSA, the "regular rate" of pay includes all "remuneration for employment," subject to several exceptions, including "extra compensation provided by a premium rate paid for work by the employee on Saturdays, Sundays, holidays, or regular days of rest, or on the sixth or seventh day of the workweek, where such premium rate is not less than one and one-half times the rate established in good faith for like work performed in nonovertime hours on other days." (29 U.S.C. § 207(e)(1), (6).) Also excluded is "extra compensation provided by a premium rate paid to the employee, in pursuance of an applicable employment contract or collective-bargaining agreement, for work outside of the hours established in good faith by the contract or agreement as the basic, normal, or regular workday (not exceeding eight hours) or workweek (not exceeding the maximum workweek applicable to such employee under subsection (a) of this section[)], where such premium rate is not less than one and one-half times the rate established in good faith by the contract or agreement for like work performed during such workday or workweek." (29 U.S.C. § 207(e)(7).)

▮ Premium holiday pay is not considered as a "regular rate" of pay an employee receives for a normal workday. "[T]he regular rate refers to the hourly rate actually paid the employee for the normal, [nonovertime] work-week for which he is employed." (*Walling v. Hardwood Co.* (1945) 325 U.S. 419, 424 [89 L.Ed. 1705, 65 S.Ct. 1242].)

The Department of Labor regulations which interpret the FLSA expressly state that time and one-half holiday pay may be treated as overtime pay. "Under section 7(e)(6) and 7(h) of the Act, extra compensation provided by a Premium rate of at least time and one-half which is paid for work on Saturdays, Sundays, holidays, or regular days of rest or on the sixth or seventh day of the workweek (hereinafter referred to as 'special days') may be treated as an overtime premium for the purposes of the Act. If the premium rate is less than time and one-half, the extra compensation provided by such rate must be included in determining the employee's regular rate of pay and cannot be credited toward statutory overtime due, unless it qualifies as an overtime premium under section 7(e)(5)." (29 C.F.R. § 778.203 (2007).) This regulatory interpretation is consistent with the method of pay used by Advanced-Tech in this action. (See *Huntington Memorial Hospital v. Superior Court, supra*, 131 Cal.App.4th at p. 903 [citing 29 C.F.R. § 778.203 as consistent with California law].)

Respondent court cited *Swift v. AutoZone, Inc.* (2004) 441 Mass. 443 [806 N.E.2d 95] (*Swift*) in its order denying Advanced-Tech's motion for summary adjudication. Contrary to the ruling of respondent court, the holding in *Swift* supports the position of Advanced-Tech.

In *Swift*, employees were paid time and one-half for their hours of work at a retail store on Sundays, as required by state law. If the employees worked more than a 40-hour week, the employer credited the premium rate of pay on Sundays to wages for overtime, which also had to be paid at the same time and one-half rate. The employees filed suit, contending that Massachusetts statutes required time and one-half for all work in excess of 40 hours per week, and there was no statutory provision for crediting the Sunday premium wages against their overtime claims. The Massachusetts Supreme Judicial Court overturned a grant of summary judgment in favor of the employees and directed the lower court to enter judgment for the employer. Interpreting state law, and also relying on the FLSA, the Massachusetts court held that an employer who credits premium rate payments for Sunday hours against overtime wages satisfies the express language of the state statute. The employer was only required to pay time and one-half once, as "there is no

rule of statutory construction that compels the employer to do so twice." (*Swift, supra*, 806 N.E.2d at p. 98.)[3]

Here, Advanced-Tech satisfied the provisions of section 207 of title 29 of the United States Code by paying Ms. Roman at the rate of one and one-half times regular pay for each overtime hour she worked. Ms. Roman does not dispute that she was paid this amount. She merely wishes to be paid time and one-half on top of the time and one-half premium pay she received for holiday work, a sum to which she is not entitled.

Ms. Roman argues that crediting her premium holiday pay against her right to overtime for working more than eight hours in a day or 40 hours in a week runs afoul of section 221, which provides as follows: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Case law has applied section 221 in a variety of situations. (See *Kerr's Catering Service v. Department of Industrial Relations* (1962) 57 Cal.2d 319 [19 Cal.Rptr. 492, 369 P.2d 20] [deductions may not be made from an employee's agreed-upon commissions to cover cash shortages unless the shortages were caused by dishonest or willful acts of the employee]; *Ralphs Grocery Co. v. Superior Court* (2003) 112 Cal.App.4th 1090 [5 Cal.Rptr.3d 687] [a cause of action was stated based on allegations that an employer's bonus program was tied to a store's workers' compensation expenses and cash shortages]; *Hudgins v. Neiman Marcus Group, Inc.* (1995) 34 Cal.App.4th 1109, 1121–1122 [41 Cal.Rptr.2d 46] [pro rata commission deduction system applied to all employees for return of items without regard to which employee made the sale and earned the commission violated § 221 to the extent the recovered commissions did not come from employees involved with the sale].)

Given the posture of this action, section 221 provides no basis for relief to Ms. Roman in the absence of a violation of section 510. As discussed above, Ms. Roman was not entitled to time and one-half on top of her premium holiday pay under section 510, provided she was paid time and one-half for all hours worked in excess of eight per day and 40 in a week. The record shows Ms. Roman did receive time and one-half for those hours. She was entitled to no more by statute, and nothing she earned was taken from her.

Ms. Roman also argues that section 510 is not controlling, as an action for wages due may be brought for breach of contract. While we have no quarrel with the principle stated, the fact is the first amended complaint contains no breach of contract cause of action. Whatever rights Ms. Roman may have on

---

[3] California does not, by statute, require a premium rate of pay for both overtime and holidays. (See *Swift, supra*, 806 N.E.2d at p. 100, fn. 11, and cases and statutes from other states cited therein.)

a breach of contract theory was not before the court on summary adjudication and is not properly before this court on a writ proceeding.

Finally, Ms. Roman relies on a footnote in this court's opinion in *Santa Monica Police Officers, supra*, 69 Cal.App.3d at page 100, footnote 3 for the proposition that contractual benefits are part of an employee's regular rate of pay. The question of what constitutes the regular rate of pay for purposes of section 510 is nowhere discussed in *Santa Monica Police Officers.* The only issue in *Santa Monica Police Officers* was whether lump-sum payments for unused sick leave and vacation time should be included as part of a peace officer's final compensation for purposes of calculating retirement benefits under the Government Code. (*Santa Monica Police Officers, supra*, 69 Cal.App.3d at p. 98.)

■ In the footnote in *Santa Monica Police Officers* relied upon by Ms. Roman, this court wrote that "bonus" payments " 'such as educational incentive bonus, longevity bonus, shooting pay, [and] holiday pay' " were included in the calculation of final compensation because "these amounts are paid periodically to all persons similarly situated, and are part of the employee's regular salary." (*Santa Monica Police Officers, supra*, 69 Cal.App.3d at p. 100, fn. 3.) The footnote provides no support for Ms. Roman's position. The footnote does not represent the holding in *Santa Monica Police Officers*, which was that lump sick leave and vacation were not part of an officer's final compensation under the Government Code. (*Id.* at pp. 100–101.) The footnote makes no reference to section 510, nor does it purport to interpret the meaning of regular rate of pay in the statute. We conclude that *Santa Monica Police Officers* is irrelevant to the issue presented in this action by applying the settled rule that cases are not authority for issues not decided. " 'Language used in any opinion is of course to be understood in the light of the facts and the issue then before the court, and an opinion is not authority for a proposition not therein considered.' " (*Camarillo v. Vaage* (2003) 105 Cal.App.4th 552, 565 [130 Cal.Rptr.2d 26].)

Advanced-Tech has established by uncontradicted evidence that it paid Ms. Roman in accordance with the provisions of both state and federal labor laws. Ms. Roman has not produced any evidence to negate these facts. To the contrary, the undisputed facts show she was paid time and one-half for each overtime hour in a manner consistent with section 510. Accordingly, pursuant to Code of Civil Procedure section 437c, subdivision (c), Advanced-Tech is entitled to summary adjudication in its favor on Ms. Roman's first cause of action.

## DISPOSITION

A petition for writ of mandate is to issue directing respondent court to set aside its order entered on December 21, 2007, denying the motion for summary adjudication. A new order is to be entered granting the summary adjudication motion. Petitioner Advanced-Tech Security Services, Inc., is to recover its costs incurred in connection with these extraordinary writ proceedings from real party in interest Ester Roman.

Turner, P. J., and Mosk, J., concurred.