SAMS v. FELDMAN.

1. Evidence—Contracts—Statute of Frauds—Condition Preced-
   ent—Parol Evidence.
   One who executes a contract, required to be in writing by the
   statute of frauds, may show by parol evidence that there was
   a condition precedent to effectiveness and neither vary nor
   contradict the writing (CL 1948, § 566.108).

2. Same—Written Contract—Parol Evidence as to Condition
   Precedent.
   Defendant who had signed a contract to sell plaintiff certain real
   estate which defendant was then under option to sell to a
   third party was properly permitted to show circumstances
   that sale to plaintiff was conditioned upon the optionee's
   failure to exercise the option within the time therein specified
   and that plaintiff knew of such circumstances (CL 1948,
   § 566.108).

Appeal from Wayne; Brennan (John V.), J. Sub-
mitted January 4, 1955. (Docket No. 3, Calendar
No. 46,310.) Decided March 9, 1955.

Action by Carl R. Sams against Benjamin Feld-
man, for damages for breach of agreement to sell
real estate. Judgment for plaintiff for deposit money
only. Plaintiff appeals. Affirmed.

*George F. Curran* (*C. Leo Wing,* of counsel), for
plaintiff.

*O'Brien & Nertney* (*Isaac M. Smullin,* of counsel),
for defendant.

Smith, J. This case arises out of an alleged breach
of an agreement for the sale of real estate. The

References for Points in Headnotes
[1, 2] 20 Am Jur, Evidence § 1093 *et seq.*

facts may be simply stated. Plaintiff Carl R. Sams offered to purchase certain property from defendant Benjamin Feldman. Feldman accepted the offer unconditionally. No reservations or contingencies pertinent to the controversy are embodied in the written offer or its acceptance. The day subsequent to the acceptance, Sams entered into an agreement to sell the same property to the St. Lawrence Development Company at an increased price. Feldman, however, refused to convey and Sams, being thus unable to carry out his agreement with St. Lawrence, brought this action for his profits under such agreement.

The controversy turns upon an alleged verbal condition precedent to the Feldman-Sams agreement. Prior to the entry upon such agreement, Feldman had undertaken to sell the same property to one Kauffman, and it was Kauffman's insistence on his prior right which prevented Feldman's conveyance to Sams. Feldman insists that Sams was told of the prior arrangement at the time of entering upon his agreement to purchase and the trial court found as a fact that

"each of the parties litigant was conscious of, and had knowledge of the infirmities of the title of the property in question at the time the deal was made and that each was willing to take the chance, and did take the chance, that the prior purchaser, Mr. Kauffman, would not consummate the deal with Mr. Feldman, the greater part of his option term having already expired."

In passing, we will note that we are not disposed to quarrel with this finding. The trial court accordingly denied Sams his St. Lawrence profits as damages upon the theory (which is also that of Feldman in this Court) that there was a condition precedent to the Feldman-Sams agreement, namely, that Feld-

man be in fact and in law free to convey the property described. Feldman relies upon our statement in *White Showers, Inc.*, v. *Fischer*, 278 Mich 32, 36, in which we quote *Rothstein* v. *Weeks*, 224 Mich 548, 554:

" 'The law is well settled that one who executes a contract may protect himself from liability by a distinct agreement that it shall not become operative, or recognized as delivered, until other parties execute it also, and parol proof of such agreement is not objectionable as tending to vary the terms of a written agreement, as it only goes to show that whatever its terms the instrument never had validity as a contract. *Dikeman* v. *Arnold*, 78 Mich 455; *Cleveland Refining Co.* v. *Dunning*, 115 Mich 238; *Ada Dairy Ass'n* v. *Mears*, 123 Mich 470; *Hodge* v. *Smith*, 130 Wis 326 (110 NW 192).' "

. Sams, however, urges upon us that the matter cannot be thus simply decided. He points out that the contract here involved was required to be in writing under our statute of frauds* and, as he puts it, "a limitation, reservation or restriction, resting in parol, cannot be incorporated in said contract for such is absolutely void under the statute of frauds even though parol evidence thereof is not objected to." He argues that the contract in the *White Showers Case, Inc.*, *supra*, was not required to be in writing under the statute of frauds, a position which we need not here vex under our view of the case.

Is there a requirement in our law that a condition precedent to a contractual obligation must be in writing if the statute of frauds requires the contract itself to be in writing? We find no such holding and appellant cites us to none. The cases upon which he relies are distinguishable from the case at bar. Thus we refused to hear parol in *Smith* v. *Mathis*, 174 Mich 262, but there we were faced with

---

* See CL 1948, § 566.108 (Stat Ann § 26.908).—REPORTER.

a condition subsequent and, as Wigmore points out (9 Wigmore, Evidence [3d ed], § 2410, p 35) "a *condition subsequent,* which of course forms a part of the act which it qualifies, must be contained in the writing, in order to be enforced, and an oral one is therefore ineffective." We also refused to hear parol in *Miller* v. *Smith,* 140 Mich 524; and *Schultz* v. *Silver,* 323 Mich 454, both cited by appellant, but these cases involved familiar situations in which parol is refused. In the *Miller Case* we refused to agree that additional parties must join in a conveyance which was undertaken to be executed by defendants alone, and in the *Schultz Case* we refused to permit the alteration, by parol, of the acreage agreed in writing to be sold. Appellant's other cases are equally distinguishable.

But, as noted, these are traditional cases for refusal to hear parol, cases in which the parol would alter the terms of the obligation or writing. In the situation presented, the question goes to the very existence of the contract itself, and this is true whether the contract is or is not required to be in writing under the statute of frauds. The taking of parol on this issue neither varies nor contradicts the writing, but goes rather to the commencement of the obligation. Anomalous it would be if the existence of a contract were to bar parol in a situation in which the very issue is whether or not there is any contract in existence. The courts, accordingly, freely hear parol in such cases, as was pointed out in the *White Showers, Inc., Case, supra.* Nor is the taking of parol exclusive of contracts required to be in writing under the statute of frauds. Upon theory, the argument that such contracts should follow a different rule does not commend itself to us. The reasons for the rule are of equal validity as applied to contracts required to be in writing under the statute of frauds. Accordingly, parol was heard as to

a condition precedent in a land contract case in this State in *Rothstein* v. *Weeks, supra.* For similar holdings in land contract cases in other jurisdictions, see *Allen* v. *Marciano,* 79 RI 98 (84 A2d 425); *Dependabilt Homes, Inc.,* v. *Haettel,* 81 Ohio App 422 (76 NE2d 616); *Ball* v. *Wright,* 118 Colo 410 (195 P2d 739); 1 Restatement, Contracts, § 241.

Under our view of the case the above holding is decisive of the questions raised. The judgment of the lower court is affirmed. Costs to appellee.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.