Filed 8/9/13  Smith v. Superior Court CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ALVIN DEWEY SMITH et al., | |
| Petitioners, | E058833 |
| v. | (Super.Ct.No. CIVBS1100281) |
| THE SUPERIOR COURT OF SAN BERNARDINO COUNTY, | OPINION |
| Respondent; | |
| POPPY STATE EXPRESS, INC., et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS; petition for writ of mandate.  John B. Gibson, Judge.  Petition granted.

Mazis & Park, Dmitry Mazisyuk and Joseph Sedlacek Park for Petitioners.

No appearance for Respondent.

1

McElfish Law Firm, Raymond D. McElfish and Tyrone I. Toczauer for Real Parties in Interest.

In this matter, we have reviewed the petition and the opposition thereto which we conclude adequately address the issues raised by the petition. We have determined that resolution of the matter involves the application of settled principles of law, and that issuance of a peremptory writ in the first instance is therefore appropriate. (*Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178.)

A defendant moving for summary judgment/adjudication must show that one or more elements of a cause of action or damage claim cannot be established. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 851 (*Aguilar*).)

Once the defendant meets this burden, the burden shifts to the plaintiff to prove the existence of a triable issue of fact regarding the claim.

The defendant can meet the initial burden by presenting *evidence* that the plaintiff does not possess and cannot reasonably obtain evidence needed to establish his claim. (*Aguilar, supra*, 25 Cal.4th at p. 854.) However, California law requires that "a defendant moving for summary judgment . . . present evidence, and not simply point out that the plaintiff does not possess, and cannot reasonably obtain, needed evidence." (*Id.* at p. 854, fn. omitted.)

We conclude that the trial court erred in granting summary adjudication of the punitive damages claim in favor of real parties in interest (defendants) because the latter failed to present *evidence* to show that petitioners (plaintiffs) had no evidence to show their entitlement to such damages. Such evidence might include plaintiffs' own

2

admissions or responses to discovery. For example, deposition testimony may show a lack of evidence on a key element of the claim. Thus, in *Leslie G. v. Perry & Associates* (1996) 43 Cal.App.4th 472, a tenant who was raped by an unknown assailant sued the landlord for negligence. However, all of the witnesses for the tenant testified in their depositions that they did not know how the rapist entered the garage. Pointing to this lack of evidence on the element of causation, the appellate court found that the burden had been shifted to the plaintiff.

Defendants merely asserted plaintiffs lacked evidence, and pointed to some items of evidence (i.e., coroners' toxicology report, drug screens, and DMV record of the decedent driver), that they argued failed to demonstrate a basis for punitive damages. There is no indication that plaintiffs are solely relying on these items to establish punitive damages. Indeed, defendants have made no effort to identify the facts upon which plaintiffs are relying to substantiate their claim for punitive damages.

To the extent that defendants are relying on the insufficiency of plaintiffs' pleadings to allege punitive damages, the well-established rule is that a motion for summary judgment or adjudication does not test the sufficiency of the pleadings. (*Cornelison v. Kornbluth* (1975) 15 Cal.3d 590, 596.) Thus, if, as defendants maintain, the trial court previously denied the motion to strike without prejudice, defendants should renew that effort in the trial court.

Moreover, it was not enough for defendants to show merely that plaintiffs currently have no evidence to support a key element of their claim, defendants must also produce evidence showing plaintiffs cannot reasonably obtain evidence to support that

claim. (*Gaggero v. Yura* (2003) 108 Cal.App.4th 884, 891; *Aguilar, supra*, 25 Cal.4th 826, at p. 855.) Again, defendants' showing failed in this regard.

Because defendants never met their initial burden, we do not reach the issue whether they were bound by an apparently inadvertent admission of liability for punitive damages.

## DISPOSITION

Let a peremptory writ of mandate issue directing the Superior Court to vacate its order granting defendants' motion for summary adjudication and to enter a new order denying the motion.

Petitioner is directed to prepare and have the peremptory writ of mandate issued, copies served, and the original filed with the clerk of this court, together with proof of service on all parties.

The parties are to bear their own costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ

P. J.

We concur:

RICHLI

J.

CODRINGTON

J.

4