Filed 8/19/24  Paramount Contractors etc. v. City of Los Angeles CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SEVEN

| | |
|---|---|
| PARAMOUNT CONTRACTORS & DEVELOPERS, INC.,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>CITY OF LOS ANGELES,<br><br>Defendant and Respondent. | B327334<br><br>(Los Angeles County Super. Ct. No. BC587659) |

APPEAL from a judgment of the Superior Court of Los Angeles County, David Sotelo, Judge. Reversed.

Loeb & Loeb, William M. Brody; Greenberg Glusker Fields Claman & Machtinger and Douglas E. Mirell for Plaintiff and Appellant.

Hydee Feldstein Soto, City Attorney, Valerie L. Flores, Chief Deputy City Attorney, John W. Heath, Chief Assistant City Attorney, and Kenneth T. Fong and Yongdan Li, Deputy City Attorneys, for Defendant and Respondent.

# INTRODUCTION

Paramount Contractors & Developers, Inc. sued the City of Los Angeles over the City's denial of, or refusal to, process applications for permits to display signs containing on-site business advertising and political messages on two office buildings in Hollywood.  Paramount appeals from the judgment after the trial court granted the City's motion for summary judgment, ruling Paramount did not have, and would not be able to obtain, evidence it submitted permit applications for signs containing on-site business advertising or political messages.

Paramount argues the court erred in ruling the City's evidence, which related mainly to applications for off-site and supergraphic signage, met the City's initial burden on summary judgment.  Paramount also argues that, even if the City shifted the burden to Paramount to create a triable issue of material fact, the court erred in ruling Paramount did not meet its burden and in discounting Paramount's evidence as "self-serving."  We agree with Paramount on both points and reverse.

# FACTUAL AND PROCEDURAL BACKGROUND

A.  *Paramount Sues the City over Denial of Signage Permit Applications*

As we have explained,[1] the Los Angeles Municipal Code defines several kinds of signs.  A "wall sign" is "[a]ny sign

---

[1]  In a prior appeal we reversed the trial court's order sustaining the City's demurrer without leave to amend.  (See

attached to, painted on or erected against the wall of a building or structure, with the exposed face of the sign in a plane approximately parallel to the plane of the wall." (L.A. Mun. Code, § 14.4.2.) A "supergraphic sign" is generally a large sign projected onto or hung from a building (*ibid.*; see *World Wide Rush, LLC v. City of Los Angeles* (9th Cir. 2010) 606 F.3d 676, 682) that "does not comply with," among other provisions, those governing wall signs (L.A. Mun. Code, §§ 14.4.2, 14.4.10). An "off-site sign" advertises a business conducted "elsewhere than on the premises where the sign is located." (L.A. Mun. Code, § 14.4.2.) An "on-site sign" is a "sign that is other than an off-site sign." (*Ibid.*) A "temporary sign" is "[a]ny sign that is to be maintained for a limited duration, not to exceed 30 days . . . ." (*Ibid.*)

In its operative second amended complaint, Paramount sought "redress for the City's improper denial of its attempts to obtain permits to erect and maintain signage on the exterior walls of its two office buildings." Paramount alleged that, "in 2015, Paramount applied to the City for permits to erect a wide variety of sign types on the exterior walls" of two buildings on Sunset Boulevard (the Sunset Boulevard Properties), "including, without limitation, wall signs, supergraphic signs, political signs, and temporary signs. Paramount sought these permits to display messages for itself, for political campaigns, and for third parties. Paramount alleged its 2015 permit applications included requests to "erect 'wall signs' at the Sunset Boulevard Properties that would display 'on-site' and political

_____

*Folb Partnership v. City of Los Angeles* (Sept. 10, 2020, B301786) [nonpub. opn.].) Paramount amended its complaint to include the allegations at issue in this appeal.

3

messages.  However, the City improperly denied Paramount's attempts to obtain these permits and refused to properly process or review Paramount's applications for them."  According to Paramount, the City's actions violated Los Angeles Municipal Code section 14.4 et seq. and a City ordinance.

B.    *The City Moves for Summary Judgment*

The City filed a motion for summary judgment, arguing among other things Paramount could not establish it submitted permit applications for on-site or political signage in 2015.  The City relied on declarations from three structural engineers who worked in the City's Department of Building and Safety Plan Check section, which receives and processes applications for signage permits.  Each of the three engineers stated that on June 30, 2015 he or she received and denied one or more permit applications from Paramount and that the applications concerned off-site and supergraphic signs.  According to the engineers, none of the applications requested permits for on-site advertising or political messages.  The City submitted a log titled "Supergraphic & Off-Site Preliminary Review Log," which listed the eight applications the engineers discussed in their declarations.[2]  The City also submitted Paramount's responses to special interrogatories and document requests asking for information and documents relating to Paramount's claim it submitted permit applications for on-site and political signs.  Paramount generally responded to these discovery requests with objections and without providing substantive answers or producing documents.

---

[2]    The log indicates Paramount filed nine applications on June 30, 2015, one of which did not relate to the Sunset Boulevard Properties.

4

Based on this evidence, the City asserted Paramount "did not submit any applications for on-site and political wall signs for the Sunset Properties in 2015" and "does not have any evidence to show the contrary . . . ."

In opposition to the motion Paramount argued the City's evidence did not show or support a reasonable inference Paramount did not submit applications for on-site advertising and political message signs. Thus, Paramount argued, the City did not make a sufficient showing to shift the burden on summary judgment to Paramount. And in any event, Paramount claimed it submitted applications for on-site advertising and political message signs, as described in declarations by its president and a long-term employee. In reply the City argued Paramount's evidence did not support its assertion it submitted applications for on-site and political signs because the declarations were too vague and Paramount did not produce copies of any applications.

C.     *The Trial Court Grants the City's Motion for Summary Judgment, and Paramount Appeals*

The trial court granted the City's motion for summary judgment, ruling a reasonable factfinder could not find Paramount submitted permit applications for on-site or political signs in 2015. The court inferred from the City's evidence that the City produced all Paramount applications it had, none of which related to on-site advertising or political messaging. The court determined the declarations from the staff engineers and the application log produced by the City confirmed Paramount did not submit any applications for on-site and political signs. In addition, the court observed Paramount's discovery responses did

5

not identify, and Paramount did not produce, copies of any applications for on-site or political signs. The court stated that, after seven years of litigation, including three years specifically over "permit applications for wall signs containing on-site and political messages," further discovery "would seemingly be hard pressed to locate documents that neither party has been able to locate to date, i.e., any physical evidence of permit applications filed by Paramount Contractors and denied by the City for wall signs related to on-site or political messages." Thus, the court ruled, the City met its initial burden on summary judgment.

The court also ruled Paramount did not meet its burden to create a triable issue of material fact. Citing *Benavidez v. San Jose Police Dept.* (1999) 71 Cal.App.4th 853, the court described the Paramount's declarations as "nothing more than self-serving Declarations that do not clearly specify that in June 2015, Paramount Contractors submitted permit applications with the City for signs containing on-site and political messages." The court granted the City's motion for summary judgment. Paramount appealed from the ensuing judgment.

## DISCUSSION

A.    *Governing Law and Standard of Review*

"Summary judgment is appropriate only 'where no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law.'" (*Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618; see Code

6

Civ. Proc., § 437c, subd. (c);[3] *A.L. v. Harbor Developmental Disabilities Foundation* (2024) 102 Cal.App.5th 477, 485.) "'A defendant moving for summary judgment has the initial burden of presenting evidence that a cause of action lacks merit because the plaintiff cannot establish an element of the cause of action or there is a complete defense.'" (*Long Beach Memorial Medical Center v. Allstate Ins. Co.* (2023) 95 Cal.App.5th 710, 715 (*Long Beach Memorial*); see § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 (*Aguilar*).) Where "'the defendant moves for summary judgment on the grounds that one or more elements of the plaintiff's [cause of action] cannot be established, the defendant must present evidence that either "conclusively negate[s] an element of the plaintiff's cause of action" or "show[s] that the plaintiff does not possess, and cannot reasonably obtain," evidence needed to establish an element.'" (*Long Beach Memorial*, at p. 716; see *Aguilar*, at pp. 835-855.)

"'"Only after the defendant carries that initial burden does the burden shift to the plaintiff 'to show that a triable issue of one or more material facts exists as to the cause of action.'"'" (*Long Beach Memorial, supra*, 95 Cal.App.5th at p. 716; see § 437c, subd. (p)(2); *Fajardo v. Dailey* (2022) 85 Cal.App.5th 221, 225-226.) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar, supra*, 25 Cal.4th at p. 850; see *Long Beach Memorial*, at p. 716.)

---

[3] Undesignated statutory references are to the Code of Civil Procedure.

7

A court "may properly grant summary adjudication of a claim for declaratory relief." (*Dollinger DeAnza Associates v. Chicago Title Ins. Co.* (2011) 199 Cal.App.4th 1132, 1156; see *Gafcon, Inc. v. Ponsor & Associates* (2002) 98 Cal.App.4th 1388, 1401.) "When seeking summary judgment on a claim for declaratory relief, the defendant must show that the plaintiff is not entitled to a declaration in its favor by establishing '(1) the sought-after declaration is legally incorrect; (2) [the] undisputed facts do not support the premise for the sought-after declaration; or (3) the issue is otherwise not one that is appropriate for declaratory relief.'" (*Cates v. California Gambling Control Com.* (2007) 154 Cal.App.4th 1302, 1307; see *California Public Records Research, Inc. v. County of Yolo* (2016) 4 Cal.App.5th 150, 185.) Although it is not entirely clear from the City's motion for summary judgment, it appears the City sought to establish the second ground: The undisputed facts did not support the premise for the judicial declaration Paramount sought.[4]

---

[4] The City argued in its motion for summary judgment "Paramount's challenge of the City's alleged denial of sign applications must be brought as an administrative mandamus claim, not a declaratory relief claim." The City has not made that argument on appeal, other than to refer to its motion for summary judgment. We do not consider the argument. (See *Julian v. Mission Community Hospital* (2017) 11 Cal.App.5th 360, 390, fn. 12 [a party "may not simply "'incorporate by reference arguments made in papers filed in the trial court, rather than briefing them on appeal"'"]; *McGuan v. Endovascular Technologies, Inc.* (2010) 182 Cal.App.4th 974, 987 ["A Court of Appeal may refuse to consider arguments incorporated by reference."]; *Colores v. Board of Trustees* (2003) 105 Cal.App.4th

"We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained. We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party." (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347, internal quotation marks and citations omitted; see *Long Beach Memorial*, *supra*, 95 Cal.App.5th at p. 716.)

B.      *The Trial Court Erred in Granting the City's Motion for Summary Judgment*

1.      *The City Did Not Meet Its Burden To Show Paramount Did Not Have and Could Not Obtain Evidence It Submitted the Applications*

In its motion for summary judgment, the City argued that Paramount did not submit applications for on-site or political signs in June 2015 and that Paramount did not have and could not obtain evidence it did. The City's motion was based on two factual assertions: (1) "Paramount did not submit any applications for wall signs that contained on-site and political messages for the [Sunset Boulevard Properties] in 2015" and (2) "In 2015, for the Sunset Blvd. Properties, Paramount only submitted applications for signs to display supergraphic and/or

1293, 1301, fn. 2 ["it is not appropriate to incorporate by reference, into a brief, points and authorities contained in trial court papers, even if such papers are made a part of the appellate record"].)

9

off-site signs." The City's evidence, however, did not support these assertions for purposes of summary judgment.

a. *The City's Declarations Did Not Support Summary Judgment*

The City submitted declarations from three engineers who worked in the Plan Check section of the City's Department of Building and Safety. In nearly identical declarations, each of the engineers stated he or she (1) worked in the Plan Check section; (2) understood the procedure to review, reject, or approve applications for signage permits; (3) reviewed one or more of the eight permit applications submitted by Paramount on June 30, 2015, none of which related to on-site or political messages; and (4) entered information regarding the permit applications received from Paramount on the Supergraphic & Off-Site Preliminary Review Log. The engineers also explained they entered information regarding off-site and supergraphic signage applications on the log, including the application number of each application they processed. The City submitted excerpts of the log containing the entries made on June 30, 2015, along with copies of several applications for off-site and supergraphic signs submitted by Paramount on that date.

This evidence, however, did not show that no reasonable factfinder could conclude Paramount submitted permit applications for on-site or political signs in June 2015. In their declarations the engineers confirmed only that the City kept a log of applications it received for off-site and supergraphic signage, that Paramount submitted eight such applications on June 30, 2015, and that the City located five of them. The declarations and log excerpts, however, did not support a reasonable inference

10

Paramount did not submit any other applications on June 30, 2015 or at any other time. The engineers did not state whether the City kept records of, or retained applications for, on-site or political signage permits, nor did they describe what sort of records search the engineers or any other City employee conducted or whether those efforts were likely to discover all permit applications for on-site and political signs submitted during 2015. If Paramount submitted applications regarding on-site and political signs, the log the City produced would not reflect that fact; the engineers confirmed the log included only applications for off-site and supergraphic signs. The engineers in their declarations did not say anything about permit applications for on-site or political signs.

A defendant moving for judgment must present relevant evidence showing—and may not simply argue—the plaintiff does not possess and cannot reasonably obtain evidence necessary to support its claims. (See *Aguilar*, *supra*, 25 Cal.4th at pp. 854-855.) Such evidence may consist of "affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken." (§ 437c, subd. (b); see *Aguilar*, at pp. 854-855; *LAOSD Asbestos Cases* (2023) 87 Cal.App.5th 939, 945-946.) The City's evidence that Paramount submitted off-site and supergraphic signage applications did not tend to show, one way or the other, whether Paramount (also) submitted permit applications for on-site or political signage or whether Paramount possessed relevant evidence on the issue. The declarations the City submitted did not meet the City's initial burden on summary judgment.

11

b.   *Paramount's Discovery Responses Did Not Support Summary Judgment*

The City also submitted excerpts of Paramount's responses to the City's requests for production of documents and special interrogatories.  The City argued, and the trial court ruled, Paramount's responses, which consisted almost entirely of objections, supported a reasonable inference Paramount did not possess any evidence it submitted permit applications for on-site and political signs in 2015.  Wrong again.

When a defendant moves for summary judgment, a "plaintiff's 'factually devoid' discovery responses may be used to shift the burden of production onto the plaintiff when the 'logical inference' is that the plaintiff possesses no facts to support his or her claims."  (*Bayramoglu v. Nationstar Mortgage LLC* (2020) 51 Cal.App.5th 726, 733 (*Bayramoglu*); see *Gaggero v. Yura* (2003) 108 Cal.App.4th 884, 892.)  But discovery responses asserting only objections—even improper or meritless objections—are not "factually devoid" and therefore do not support an inference the objecting party lacks evidence supporting its claims.  (See *White v. Smule, Inc.* (2022) 75 Cal.App.5th 346, 363 [objection that deposition questions called for a "legal contention" did not satisfy the defendant's burden to show the plaintiff did not possess and could not reasonably obtain evidence to support his claims]; *Bayramoglu*, at p. 736 ["a defendant cannot contend a plaintiff's discovery responses are factually devoid for purposes of summary judgment merely because they include only improper objections"]; *Gaggero*, at pp. 892-893 [where the plaintiff asserted an improper privacy objection during a deposition, the court could deduce only that the "plaintiff erroneously believed that the information sought

12

was protected by his right to privacy—not that he either possessed or did not possess such information"]; see also *Bayramoglu*, at pp. 733-734 [plaintiffs' mistaken objection based on section 2030.230 in response to special interrogatories "did not, in itself, show they lacked the facts necessary to support their claim"].)

To be sure, Paramount's discovery responses lacked substance. For example, in response to the City's request for production of documents supporting Paramount's allegation it "'applied for permits to erect and maintain "wall signs" that contained "on-site" and political messages,'" Paramount stated: "Paramount hereby incorporates each of the General Objections above as though fully set forth herein. Paramount objects to this Request to the extent it seeks information subject to attorney-client privilege, attorney work-product doctrine or any other applicable privilege. Paramount objects to this Request on the grounds that it is overbroad and unduly burdensome insofar as it seeks information and documents that are cumulative or neither relevant nor reasonably calculated to lead to the discovery of admissible material. Paramount objects to this Request on the grounds and to the extent to which it seeks discovery and/or documents that is duplicative of, or cumulative with, prior discovery in this matter or exchanged between the parties. Paramount objects to this Request to the extent the documents are already in the City's possession, custody or control. Paramount objects to the extent this request seeks information that is private, confidential, proprietary, commercially sensitive, and/or implicates third-party privacy rights. Paramount objects to this Request on the grounds that it is overly broad, vague and ambiguous. Paramount objects to the term 'supporting' as vague,

13

ambiguous, overly broad and calling for a legal conclusion. Paramount objects to the extent discovery is ongoing and it has not yet completed discovery in this matter or obtained discovery from the City."  Paramount also failed to produce any documents.

Paramount's responses to the City's special interrogatories were no better and similarly consisted entirely of objections.  For example, in response to an interrogatory asking Paramount to identify the number and types of sign permits it applied for in 2015 relating to one of the Sunset Boulevard Properties, Paramount stated:  "Responding Party expressly incorporates and restates its General Objections above as though fully set forth herein.  Responding Party objects to this Interrogatory as premature because, without limitation, discovery and investigation are ongoing and the parties are still researching and investigating their legal and factual claims.  Responding Party objects to this Interrogatory to the extent it calls for information protected by the attorney client privilege and/or the work product doctrine.  Responding Party objects to this Interrogatory as overly broad and calling for information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to this Interrogatory on the grounds and to the extent to which it seeks discovery and/or information that is duplicative of, or cumulative with, prior discovery in this matter or exchanged between the parties.  Responding Party objects to this Interrogatory as overly broad and unduly burdensome.  Responding Party objects to the Interrogatory to the extent that it calls for information already in the City['s] possession[,] custody or control.  Responding Party objects to this Interrogatory to the extent to which a response can more easily

14

be provided by reference to, or a production of, documents. Responding Party objects to this Interrogatory as vague and ambiguous."

Paramount's discovery responses and refusal to produce documents were textbook examples of how not to respond to discovery (and how to incur monetary sanctions for discovery abuse). But they were not "factually devoid" responses that supported an inference Paramount lacked evidence to support its claims. All the court could infer was that Paramount believed (almost certainly incorrectly) the City's discovery requests were objectionable and that the information and documents sought by the City were protected from discovery. If the City believed Paramount's objections were improper (as they almost certainly were), the City could have moved to compel further responses under sections 2030.300, subdivision (a), and 2031.310, subdivision (a). (See *Bayramoglu*, *supra*, 51 Cal.App.5th at p. 734 ["section 2030.300 describes what [the defendant] could have done: move for an order compelling further responses"]; *Saxena v. Goffney* (2008) 159 Cal.App.4th 316, 334 ["[t]he simple failure to answer [a discovery request], or the giving of an evasive answer, requires the propounding party to pursue an order compelling an answer or further answer—otherwise the right to an answer or further answer is waived and an evidence sanction is not available"].) Having chosen not to pursue that remedy, however, the City could not use Paramount's responses to satisfy the City's moving burden on summary judgment. (*Bayramoglu*, at p. 734; see *id.* at p. 729 ["although [the plaintiffs'] responses may have been improper and warranted a motion to compel further responses, they were not the equivalent of factually devoid discovery responses"]; *Gaggero v. Yura*, *supra*,

15

108 Cal.App.4th at pp. 891-892 [that the plaintiff "unjustifiably refused to respond to questions at his deposition does not satisfy the burden of production requirement established by *Aguilar*"].)

The City's reliance on *Union Bank v. Superior Court* (1995) 31 Cal.App.4th 573 and *Andrews v. Foster Wheeler LLC* (2006) 138 Cal.App.4th 96 (*Andrews*) is misplaced. In *Union Bank* the plaintiffs, in response to an interrogatory requesting all facts in support of an element of a cause of action, stated they "believed" a certain series of events occurred. (*Union Bank*, at p. 578.) The court in *Union Bank* held such a response satisfied the defendant's initial burden on summary judgment to show the plaintiffs could not establish an element of their cause of action. (*Id.* at pp. 590, 592-593.) The court concluded that, because the plaintiffs stated mere *beliefs* in response to an interrogatory asking for *facts*, the court could infer the plaintiffs did not have any facts to support that element. (*Id.* at pp. 592-593.) We cannot draw such an inference from Paramount's discovery responses because Paramount did not effectively concede, as the plaintiffs in *Union Bank* did, it would rely solely on its beliefs as "evidence."

In *Andrews* a husband and a wife sued the defendant for allegedly causing the husband to suffer an asbestos-related disease. (*Andrews*, *supra*, 138 Cal.App.4th at p. 99.) But in response to interrogatories asking for "'each fact'" supporting their causes of action, the plaintiffs responded with answers that contained little more than general allegations against the defendant and that did not state specific facts showing the husband was exposed to asbestos-containing material from the defendant's products. (*Id.* at pp. 104-106.) The court concluded the "discovery responses were devoid of material facts showing

16

that [the husband] had been exposed to [the defendant's] product."  (*Id*. at p. 106.)

The City asserts that the one substantive answer Paramount gave in response to the City's interrogatories, like the response in *Andrews*, merely repeated the allegations in the complaint.  In its first special interrogatory, the City asked Paramount to state all facts supporting its allegation "'Paramount applied for permits to erect and maintain "wall signs" that contained "on-site" and political messages,'" "including at least the specific date(s) on which Paramount applied for such permits."  Paramount, after (again) listing numerous objections, responded:  "Subject to and without waiving any of its foregoing objections, [Paramount] responds as follows: In or around approximately June 2015, Paramount presented applications to the City of Los Angeles for signage permits so that it could erect and maintain wall signs that contained on-site and political messages."  But unlike the responses in *Andrews*, where a single defendant in a multi-defendant asbestos case asked the plaintiffs to identify facts regarding the husband's exposure to that defendant's products and the plaintiffs responded with general allegations about exposure to *unspecified* products (*Andrews*, *supra*, 138 Cal.App.4th at pp. 104-106), Paramount's interrogatory response did more than repeat a general allegation in its complaint.  Paramount stated it submitted permit applications for on-site and political signs in June 2015, the critical fact on which Paramount's case is based.

17

### 2. *Paramount Created a Triable Issue of Material Fact Regarding Submission of the Disputed Applications*

But even if the City met its initial burden on summary judgment, Paramount submitted sufficient evidence to create a triable issue of material fact. In opposition to the City's motion for summary judgment, Paramount submitted declarations by its president and general counsel, Brad Folb, and a long-term employee, Jed August, stating that on June 30, 2015 Paramount prepared and submitted permit applications relating to on-site and political signs.[5] The trial court discounted this evidence, characterizing the declarations as "self-serving" and lacking in specificity. (The court said the same thing about Paramount's interrogatory responses.) The court also emphasized Paramount did not attach to the declarations any documentation of the purported submissions, such as copies of the applications or receipts from the City. The court essentially disregarded Paramount's evidence and ruled Paramount had not created a triable issue of material fact. That was error.

Folb stated "Paramount submitted applications to the City for numerous types of signage permits on multiple occasions in the timeframe leading up to the filing of this lawsuit, including in . . . June 2015 (the 'June 2015 Applications'). Specifically,

---

[5] Folb and August also stated Paramount submitted permit applications in November 2014, but those statements were irrelevant because, for purposes of a motion for summary judgment, the pleadings define the scope of the issues. (*Arce v. The Ensign Group, Inc.* (2023) 96 Cal.App.5th 622, 628.) In its operative complaint Paramount alleged it submitted the applications in 2015.

18

these applications included applications for permits for wall signs to display on-site and political messages at the Sunset [Boulevard] Properties . . . ."  And, Folb said, "the City never granted the permit applications that Paramount submitted for on-site and political wall signs."  August, who was listed on the City's log as the individual who submitted Paramount's applications on June 30, 2015, explained that in June 2015 Paramount submitted a group of applications for outdoor signage to the Department of Building and Safety, but that the City's employees "refused to accept or grant any of Paramount's June 2015 Applications, and did not fully review or process them."  August further stated:  "At the time the applications were submitted, and to see what else could be done and if there was a way to get the permits approved, I spoke with [a Department of Building and Safety] supervisor in the office where the applications were submitted, but the supervisor also refused to accept or process any [of] Paramount's June 2015 applications, and did not even closely review them."  These declarations, without more, created a triable issue of material fact regarding whether Paramount submitted permit applications for on-site and political signage.

But there was more.  Paramount submitted excerpts from the depositions of the three engineers who submitted declarations in support of the City's motion for summary judgment.  One of the engineers testified that, on a typical day in the Plan Check section, there were 12 to 15 engineers on staff.  This testimony undermined the City's contention Paramount submitted only off-site and supergraphic applications on June 30, 2015, because the City only submitted declarations from three (out of a dozen or

19

more) engineers who had been (or who may have been) working that day.

As stated, the trial court cited *Benavidez v. San Jose Police Dept.*, *supra*, 71 Cal.App.4th 853, where the court stated that, "'[i]n determining whether any triable issue of material fact exists, the trial court may, in its discretion, give great weight to admissions made in deposition and disregard contradictory and self-serving affidavits of the party.'" (*Id.* at p. 860.)  That rule does not apply here.  There is no deposition testimony in the record by Folb, August, or anyone else from Paramount that the declarations may have contradicted.  Perhaps the declarations by Folb and August were "self-serving" in the sense they supported Paramount's position (as all good supporting declarations do), but the declarations didn't contradict anything, and the court erred in giving them less or no weight.  (See *Weiss v. People ex rel. Dept. of Transportation* (2020) 9 Cal.5th 840, 864 ["Courts deciding motions for summary judgment or summary adjudication may not weigh the evidence but must instead view it in the light most favorable to the opposing party and draw all reasonable inferences in favor of that party."]; *Reid v. Google, Inc.* (2010) 50 Cal.4th 512, 540 ["in ruling on a motion for summary judgment, 'the court may not weigh the plaintiff's evidence or inferences against the defendants' as though it were sitting as the trier of fact'"].)

## DISPOSITION

The judgment is reversed.  Paramount is to recover its costs on appeal.


SEGAL, J.


We concur:



MARTINEZ, P. J.



STONE, J.

21